THE STATE OF OHIO, APPELLANT, *v.* BOGGS, APPELLEE.

[Cite as *State v. Boggs* (1992), 63 Ohio St.3d 418.]

(Nos. 91–636 and 91–1287—Submitted February 12, 1992—Decided April 15, 1992.)

*Alan W. Foster*, Prosecuting Attorney, and *Robert D. Castor*, for appellant.

*Thomas F. Grennan*, for appellee.

*Randall W. Dana*, Ohio Public Defender, and *Kort Gatterdam*, urging affirmance for *amicus curiae*, Ohio Public Defender Commission.

---

ALICE ROBIE RESNICK, J.  The issue presented is whether the rape shield provisions of R.C. 2907.02(D) prohibit a defendant from cross-examining an alleged rape victim about prior false rape accusations she is alleged to have made.  The state contends that such statements fall within the protections of the rape shield statute set forth in R.C. 2907.02(D) and that R.C. 2907.02(E) requires an *in camera* hearing before any inquiry may be had regarding such statements.  Boggs argues that cross-examination of an alleged rape victim regarding prior false accusations of rape goes to the issue of credibility, and is not an inquiry into past sexual activities of the victim which would be excluded under the rape shield law.

In *State v. Gardner* (1979), 59 Ohio St.2d 14, 13 O.O.3d 8, 391 N.E.2d 337, this court enunciated the salutary goals of the rape shield law set forth in R.C. 2907.02(D): "First, by guarding the complainant's sexual privacy and protecting her from undue harassment, the law discourages the tendency in rape cases to try the victim rather than the defendant.  In line with this, the law may encourage the reporting of rape, thus aiding crime prevention.  Finally, by excluding evidence that is unduly inflammatory and prejudicial, while being only marginally probative, the statute is intended to aid in the truth-finding process."  *Id.* at 17–18, 13 O.O.3d at 10, 391 N.E.2d at 340.

A threshold determination required in this case is whether an alleged victim in a sexual assault case can be cross-examined as to prior false accusations of rape. If the answer to that question is in the affirmative, then the next logical inquiry is to what extent cross-examination may be permitted. A related question is whether the defendant may bring in extrinsic evidence that the victim had made prior false accusations of sexual assault. Therefore, the issues in this case must be addressed in light of Evid.R. 608(B), which provides in pertinent part: "Specific instances of the conduct of a witness, for the purpose of attacking or supporting his credibility, * * * *may not be proved by extrinsic evidence.* They may, however, in the discretion of the court, if clearly probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning his character for truthfulness or untruthfulness * * *."

We begin our analysis with the case of *State v. Leuin* (1984), 11 Ohio St.3d 172, 174, 11 OBR 486, 488, 464 N.E.2d 552, 554, wherein we stated the following:

" * * * it is apparent that specific instances of conduct, relating only to credibility of a witness, may not be established by extrinsic evidence. If this were not the rule, trials could potentially become bogged down in an interminable parade of witnesses called to testify as to specific instances of conduct of a prior witness in an attempt to contradict the prior witness' testimony on a purely collateral matter. * * * "

False accusations, where no sexual activity is involved, do not fall within the rape shield statute. Therefore, a defendant is permitted under Evid.R. 608(B), in the court's discretion, to cross-examine the victim regarding such accusations if "clearly probative of truthfulness or untruthfulness." However, the defendant will be bound by the answers given by the victim. See, *e.g., State v. Gardner, supra,* 59 Ohio St.2d at 19, 13 O.O.3d at 11, 391 N.E.2d at 341. Thus, if defense counsel inquires of an alleged rape victim as to whether she has made any prior false accusations of rape, and the victim answers no, the trial court would have the discretion to determine whether and to what extent defense counsel can proceed with cross-examination. However, if the alleged victim answers in the affirmative, the trial court would have to conduct an *in camera* hearing to determine whether sexual activity had been involved. If the trial court determined that the accusations were entirely false (that is, that no sexual activity had been involved) the trial court would then be permitted to exercise its discretion in determining whether to permit defense counsel to proceed with cross-examination of the alleged victim. We therefore hold that where an alleged rape victim admits on cross-examination that she has made a prior false rape accusation, the trial judge shall conduct an *in camera* hearing

to ascertain whether sexual activity was involved and, as a result, would be prohibited by R.C. 2907.02(D), or whether the accusation was totally unfounded and therefore could be inquired into on cross-examination pursuant to Evid.R. 608(B).

But, as noted above, under no circumstances would the defense be permitted to introduce extrinsic evidence. Evid.R. 608(B). The reason for this is that "a witness may not be impeached by evidence that merely contradicts his testimony on a matter that is collateral and not material to any issue in the trial." *Byomin v. Alvis* (1959), 169 Ohio St. 395, 396, 8 O.O.2d 420, 421, 159 N.E.2d 897, 989. Moreover, we held in *State v. Kamel* (1984), 12 Ohio St.3d 306, 12 OBR 378, 466 N.E.2d 860, at paragraph two of the syllabus, that "[o]ther than the Evid.R. 609 exception for certain criminal convictions, a witness' credibility may not be impeached by extrinsic proof of specific instances of his conduct. Such conduct may be inquired into only by the intrinsic means of cross-examination within the guidelines set forth in Evid.R. 608(B)."

The mere fact that an alleged rape victim made prior false allegations does not automatically mean that she is fabricating the present charge. Likewise, prior false allegations of sexual assault do not tend to prove or disprove any of the elements of rape, nor do they relate to issues of consent. Hence, they are an entirely collateral matter which may not be proved by extrinsic evidence. *Kamel, supra*. We know of no case law in Ohio or from other jurisdictions which differentiates, when considering the admissibility of extrinsic evidence under Evid.R. 608(B), between crimes of murder, arson, burglary or robbery. Therefore, this court can discern no basis for departing from the well-established principles embodied in Evid.R. 608(B) merely because the charge is one involving a sexual assault. To do so would immeasurably set back the recent trend towards ensuring that the person on trial is the defendant and not the alleged victim. Moreover, allowing extrinsic evidence of this nature would inevitably invite a trial within a trial, juror confusion, and could provide the jury with an improper basis upon which to make its decision.

The rights to confront witnesses and to defend are not absolute and may bow to accommodate other legitimate interests in the criminal process. *Chambers v. Mississippi* (1973), 410 U.S. 284, 295, 93 S.Ct. 1038, 1046, 35 L.Ed.2d 297, 309. As the Supreme Court of Wisconsin noted, "[t]he exclusion of evidence of minimal, if any, probative effect in view of its highly inflammatory nature does not depart from general principles of the law of evidence or of constitutional law." *State v. DeSantis* (1990), 155 Wis.2d 774, 793–794, 456 N.W.2d 600, 609. Evid.R. 608(B) provides a well-established rule of law that

protects a legitimate state interest in preventing criminal trials from bogging down in matters collateral to the crime with which the defendant was charged.

R.C. 2907.02 prohibits only evidence of "sexual activity" of the victim. Because prior false accusations of rape do not constitute "sexual activity" of the victim, the rape shield law does not exclude such evidence. A great number of courts from other jurisdictions have also reached this conclusion. See *Miller v. State* (1989), 105 Nev. 497, 500–501, 779 P.2d 87, 89; *Smith v. State* (1989), 259 Ga. 135, 137, 377 S.E.2d 158, 160; *Clinebell v. Commonwealth* (1988), 235 Va. 319, 322, 368 S.E.2d 263, 264; *Commonwealth v. Bohannon* (1978), 376 Mass. 90, 95, 378 N.E.2d 987, 991–992; *State v. Barber* (1989), 13 Kan.App.2d 224, 226, 766 P.2d 1288, 1289–1290; *Covington v. State* (Alaska App.1985), 703 P.2d 436, 442; *State v. LeClair* (1986), 83 Ore.App. 121, 126–127, 730 P.2d 609, 613; *Little v. State* (Ind.App.1980), 413 N.E.2d 639, 643.

When the defense seeks to cross-examine on prior false accusations of rape the burden is upon the defense to demonstrate that the accusations were totally false and unfounded. Hence the initial inquiry must be whether the accusations were actually made by the prosecutrix. Moreover, the trial court must also be satisfied that the prior allegations of sexual misconduct were actually false or fabricated. That is, the trial court must ascertain whether any sexual activity took place, *i.e.*, an actual rape or consensual sex. If it is established that either type of activity took place, the rape shield statute prohibits any further inquiry into this area. Only if it is determined that the prior accusations were false because no sexual activity took place would the rape shield law not bar further cross-examination.

Case law from other jurisdictions reveals several standards for determining whether an accused has met the burden of establishing the falsity of the prior allegations of sexual assault made by a prosecutrix. Some courts have held that the offering party must show that a prior allegation of sexual assault is "demonstrably false." *Little v. State* (Ind.App.1980), 413 N.E.2d 639, 643, while other courts have concluded that a trial judge must determine that a reasonable probability of falsity exists. See *Smith v. State* (1989), 259 Ga. 135, 137–138, 377 S.E.2d 158, 160; *Clinebell v. Commonwealth* (1988), 235 Va. 319, 325, 368 S.E.2d 263, 266. At least one court has ruled that at the pretrial hearing, the trial judge "must be able to conclude from the proffered evidence that a reasonable person could reasonably infer that the complainant made prior untruthful allegations of sexual assault." *State v. DeSantis* (1990), 155 Wis.2d 774, 788, 456 N.W.2d 600, 607. Finally, a trial judge must always bear in mind his or her responsibility to weigh the probative value of

any relevant evidence against the danger of unfair prejudice. See Evid.R. 403(A).

Therefore, we hold that before cross-examination of a rape victim as to prior false rape accusations may proceed, the trial judge shall hold an *in camera* hearing to ascertain whether such testimony involves sexual activity and thus is inadmissible under R.C. 2907.02(D), or is totally unfounded and admissible for impeachment of the victim. It is within the sound discretion of the trial court, pursuant to Evid.R. 608(B), whether to allow such cross-examination.

In the present case, an *in camera* hearing was held but no inquiry was made as to the nature of the prior accusation, that is, whether the prior accusation was based on sexual activity or was totally unfounded. Since no testimony concerning the alleged prior false rape accusation was admitted, and none was received during the rape shield hearing conducted before trial, we cannot, on this record, determine whether the evidence offered by the defense was properly excluded as involving sexual activity and thus protected by the rape shield statute. Moreover, the trial judge must in the first instance determine whether the accused has met his burden of establishing that the victim's prior accusations were clearly unfounded. We therefore remand this case to the trial court to conduct an *in camera* hearing consistent with this opinion to make the necessary determinations.

*Judgment reversed*
*and cause remanded.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.