OPINION
On September 26, 1991, defendant-appellant, Jeffrey Zych, was indicted on two counts of felonious assault in violation of R.C.2903.11(A). The indictment alleged that appellant had attacked his wife with a knife on September 17, 1991. Appellant initially entered not guilty pleas to both charges, but subsequently agreed to enter a guilty plea to a reduced charge of aggravated assault on Count One of the indictment in exchange for the state's promise to nolle the second count of felonious assault. At a plea hearing held on July 14, 1992, the trial court accepted appellant's guilty plea to one count of aggravated assault and referred the matter for a presentence investigation.
On August 6, 1992, appellant appeared before the trial court and moved to withdraw his guilty plea. The trial court granted appellant's motion to withdraw his guilty plea in an order dated August 11, 1992. Appellant thereafter entered pleas of not guilty and not guilty by reason of insanity to both counts of felonious assault. The case was tried to a jury in October 1992. Appellant was convicted of both counts of felonious assault. The trial court merged the two counts of felonious assault pursuant to R.C.2941.25 and sentenced appellant to an eight to fifteen year term of imprisonment.
On appeal, we affirmed appellant's conviction in a unanimous decision. See State v. Zych (Oct. 4, 1993), Clermont App. No. CA92-11-105, unreported. Our decision held that the trial court's jury instructions were entirely proper and that appellant's convictions for felonious assault were not contrary to the manifest weight of the evidence. Id.
On September 17, 1996, appellant filed a petition for postconviction relief pursuant to R.C. 2953.21 in which he alleged that he had received ineffective assistance of trial counsel and that the prosecutor had committed professional misconduct during an argument before the trial court. The trial court issued a detailed written decision on January 23, 1997 in which it denied appellant's petition for postconviction relief. Appellant now appeals setting forth the following assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN FINDING INCOMPETENT ADVICE FROM COUNSEL TO BE EFFECTIVE ASSISTANCE OF COUNSEL RELATIVE TO PLEA BARGAINING.
Assignment of Error No. 2:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY EXCLUDING PROPER EVIDENCE AS HEARSAY AND IGNORING EVIDENCE WHICH DEMONSTRATED INEFFECTIVE COUNSEL FOR FAILURE TO INVESTIGATE THE NUMBER OF TARGET RANGE TRIPS WITHOUT AN EVIDENTIARY HEARING.
Assignment of Error No. 3:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY IGNORING PERTINENT EVIDENCE AND ARGUMENT TO SUPPORT A CLAIM OF INEFFECTIVE COUNSEL FOR FAILING TO INVESTIGATE MEDICAL RECORDS.
Assignment of Error No. 4:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF THE APPELLANT BY DISMISSING APPELLANT'S CLAIM OF PROSECUTORIAL MISCONDUCT WITHOUT AN EVIDENTIARY HEARING BASED ON FACTS CONTRARY TO THE RECORD AND THE PETITION.
In his first, second, and third assignments of error, appellant contends that he is entitled to postconviction relief because he received ineffective assistance of counsel at trial. The test an appellate court must apply when reviewing an ineffective assistance of counsel claim is: (1) whether counsel's performance fell below an objective standard of reasonableness, and (2) if so, whether there is a reasonable probability that counsel's unprofessional errors affected the outcome of the proceedings. Strickland v. Washington (1984), 466 U.S. 668, 690,104 S.Ct. 2052, 2066; State v. Bradley (1989), 42 Ohio St.3d 136, syllabus, certiorari denied (1990), 497 U.S. 1011,110 S.Ct. 3258. Appellant sets forth three alleged errors by defense counsel which we will now individually address.
Appellant first argues that trial counsel failed to adequately advise him during plea negotiations. We disagree. Self-serving affidavits submitted by a defendant in support of his claim for postconviction relief are insufficient to trigger the right to a hearing or to justify granting the petition under R.C. 2953.21. State v. Kapper (1983), 5 Ohio St.3d 36, 38, certiorari denied (1983), 464 U.S. 856, 104 S.Ct. 174; State v. Jackson (1980),64 Ohio St.2d 107, 120. The only evidence submitted by appellant which supports his claim that he received ineffective assistance of counsel during the plea negotiations is his own self-serving affidavit in which he impugns counsel's advice and alleges that he would not have withdrawn his guilty plea and insisted on proceeding to trial on the two felonious assault charges if counsel had properly advised him of the risks associated with that course of action. Such evidence by itself is insufficient to justify granting postconviction relief under R.C. 2953.21. Accordingly, the trial court properly found that appellant had not proven that trial counsel's performance during the plea negotiations was constitutionally defective.
Appellant next argues that trial counsel's performance was deficient because counsel failed to impeach the testimony of one of the state's witnesses, John Caldmo, by presenting testimony from William Klaus. Caldmo testified at trial that appellant had visited a target range on several occasions prior to attacking his wife. Appellant claims that Klaus would have testified that Caldmo was mistaken and that he had only made one trip to the target range before attacking his wife.
A witness may not be impeached by evidence that merely contradicts his testimony on a matter that is entirely collateral to the case. State v. Boggs (1992), 63 Ohio St.3d 418, 421; State v. Leuin (1984), 11 Ohio St.3d 172, 174. The transcript of the proceedings in this case aptly demonstrates that the number of trips appellant made to the firing range prior to stabbing his wife was completely collateral to the issue of appellant's guilt or innocence. Defense counsel was therefore under no duty to offer Klaus' testimony to impeach Caldmo's claim that appellant had visited the firing range on several occasions since any attempt to do so would have been futile.
Appellant also argues that a medical report which indicated that stab wounds appellant inflicted upon himself prior to his arrest were four centimeters deep was inaccurate. Appellant claims that counsel should have investigated the accuracy of the report more thoroughly in preparation for trial. However, appellant has not presented any evidence that the medical report was inaccurate other than his own self-serving affidavit in which he alleged that he "inserted the filet knife into [himself] to the handle." As we have already noted, such evidence is not sufficient to justify granting postconviction relief under R.C.2953.21. Accordingly, the trial court properly found that appellant had not proven that the medical report in question was in any way inaccurate or that trial counsel breached an essential duty by declining to independently investigate the depth of the self-inflicted stab wounds. Appellant's first, second, and third assignments of error are overruled.
In his fourth assignment of error, appellant contends that the prosecutor committed professional misconduct by making improper comments during an argument before the trial court. The doctrine of res judicata precludes the petitioner in a postconviction relief proceeding from litigating any issue which could have been raised in a direct appeal from the underlying conviction. State v. Perry (1967), 10 Ohio St.2d 175, syllabus; State v. Powell (1993), 90 Ohio App.3d 260, 267. Our review of the record indicates that appellant could have raised his objections to the prosecutor's allegedly improper conduct in his direct appeal to this court, but that appellant failed to do so. Therefore, appellant is precluded from litigating his claim of prosecutorial misconduct in a petition for postconviction relief. Appellant's fourth assignment of error is overruled and the judgment of the trial court is hereby affirmed.
YOUNG, P.J., and KERNS, J., concur.
Kerns, J., retired, of the Second Appellate District, sitting by assignment of the Chief Justice, pursuant to Section 6(C), Article IV of the Ohio Constitution.