OPINION
This is an appeal in a child sexual abuse case in which defendant-appellant, Danny Lodge, challenges the trial court's decision with respect to his access to the records of the Mercer County Mental Health Center ("MHC").
In August 1997, defendant was indicted on two counts of gross sexual imposition and eleven counts of rape involving the five minor children of his live-in girlfriend. Additionally, a sexually violent predator specification and a repeat violent offender specification were attached. Defendant pleaded not guilty to all the counts. The matter proceeded to a trial to the court on February 23-25, 1999. The trial court found defendant guilty on two counts of gross sexual imposition, four counts of rape with force, and one count of attempted rape. Defendant was sentenced to concurrent two years imprisonment on each gross sexual imposition charge, to life imprisonment on the rape charges with force, to be served consecutively, and eight to fifteen years on the attempted rape charge, to run concurrently but for all sentences to be served consecutively to the term defendant is presently serving.
Defendant now appeals, raising the following assignment of error:
 The trial court committed an error of law in its findings concerning the mental health records resulting in defendant being denied due process and a fair trial.
Prior to trial, defendant sought to obtain access to MHC records pertaining to the treatment, care, protection and education of the alleged child victims and their mother through discovery and by a subpoena duces tecum to the executive director at MHC. The trial court ultimately quashed this subpoena because the records were privileged communications pursuant to R.C.2317.02.
Defendant argues that the MHC records were not privileged from disclosure because the voluntary witness exception set forth in R.C. 2317.02 applies. That statute as in effect states, in pertinent part, as follows:
 The following persons shall not testify in certain respects:
* * *
 (G)(1) A school guidance counselor who holds a valid teacher's certificate from the state board of education as provided for in section 3319.22 of the Revised Code, a person licensed under Chapter 4757. of the Revised Code as a professional clinical counselor, professional counselor, social worker, or independent social worker, or registered under Chapter 4757. of the Revised Code as a social work assistant concerning a confidential communication received from a client in that relation or the person's advice to a client unless any of the following applies:
* * *
 (d) The client voluntarily testifies, in which case the school guidance counselor or person licensed or registered under Chapter 4757. of the Revised Code may be compelled to testify on the same subject.
However, the record before us reveals that the child victims did not testify about any matters related during the counseling process or the advice they received in it. Therefore, we cannot say that error has been demonstrated about arguably privileged communications pursuant to R.C. 2317.02(G)(1)(d).
Defendant also argues that R.C. 2151.421(H)(1) and 5153.17
provide that the MHC records were a part of the Mercer County Department of Human Services ("DHS") records and discoverable. R.C. 2151.421 imposes a duty on individuals engaged in social work or the practice of professional counseling to report known or suspected child abuse to the public children services agency or peace officer. R.C. 5153.17 states:
 The public children services agency shall prepare and keep written records of investigations of families, children, and foster homes, and of the care, training, and treatment afforded children, and shall prepare and keep such other records as are required by the department of human services. Such records shall be confidential, but, except as provided by division (B) of section 3107.17 of the Revised Code, shall be open to inspection by the agency, the director of the county department of human services, and by other persons, upon the written permission of the executive secretary.
The instant record reflects that the trial court had reviewed in camera the MHC records sought by defendant and found that some of the documents were previously disclosed to defendant through the DHS or otherwise available to defendant. Defendant was permitted discovery of those records in the possession of DHS via a protective order. However, defendant has failed to demonstrate that R.C. 5153.17 encompasses the requested MHC files of the counselor at issue in the case sub judice. Accordingly, the trial court did not err in quashing defendant's subpoena for the records at MHC.
Further, defendant contends that the privilege must yield to his rights of due process and a fair trial to access exculpatory evidence. Defendant argues that he was also entitled to an in-camera review of the confidential MHC records to determine whether the records contained evidence material to his defense. Specifically, defendant asserts that the MHC records contained information material to the defense of prior unsubstantiated allegations of sexual abuse by the victims, prior inconsistent statements concerning the abuse by the defendant and most importantly a prior sexual abuse allegation made by one of the alleged victims against another individual during the time frame alleged in the indictment.
During the same in camera review noted earlier, the trial court also conducted an in camera inspection of the MHC records identified by defense counsel for the limited purpose of credibility issues only. Moreover, the court found that the filed records under seal in Exhibits A and C were indeed previously disclosed to defendant through the DHS or otherwise available to defendant from these documents. Our review of those records reveals several notations indicating that one of the victims had made sexual-abuse allegations against other individuals. Prior unsubstantiated sexual-abuse allegations may affect the credibility of the victim's testimony. See State v. Boggs (1992),63 Ohio St.3d 418. Therefore, this evidence is clearly relevant to defendant's defense against the victim's allegations of sexual abuse. However, evidence of prior unsubstantiated sexual-abuse allegations may only be inquired into by the intrinsic means of cross-examination of the victim, and no extrinsic evidence of these prior allegations would be permitted. State v. Black (1993), 85 Ohio App.3d 771, 778, citing Boggs, supra.
At defendant's trial, the record reflects that either through his access to DHS records or otherwise, trial counsel was privy to the information of the victim's prior false accusations of sexual abuse. During cross-examination of the alleged victim, defense counsel elicited testimony about these prior false accusations of sexual abuse. Due to the fact that defendant did have an opportunity to use the information as contained in the MHC records as well as the context in which the issue was dealt with in the trial court, we are persuaded that any potential error in denying defense counsel access to the MHC records was harmless error beyond a reasonable doubt and did not deprive the defendant of constitutional rights.
Accordingly, defendant's assignment of error is overruled and the judgment of the trial court is affirmed.
Judgment affirmed.
BRYANT, P.J., and HADLEY, J., concur.