JOURNAL ENTRY AND OPINION
Appellant, Talbert Jennings, is appealing the trial court's order finding him guilty of failing to stop at a stop sign, a violation of Cleveland Municipal Code 431.19. For the following reasons, we affirm.
Officer Lawayne Smith testified that on June 3, 1999, he was monitoring a stop sign at the corner of Shaker Square where people often fail to come to a complete stop. He was standing on the curb twenty-five to thirty feet away from the stop sign, with a clear view of two car lengths behind the stop sign. He saw someone run the stop sign, and wrote him a ticket. As he finished writing that ticket, he saw appellant slow down to about one mile per hour at the stop sign, but did not stop. When he pulled appellant over, appellant said that he did stop.
Appellant cross-examined Officer Smith. Appellant was not permitted to ask Officer Smith how many tickets he wrote in June. He was not permitted to ask the officer about a ticket quota system in the Cleveland Police Department. The court allowed evidence that Officer Smith gave three cars tickets at the stop sign on June 6, 1999, but disallowed evidence that more tickets were issued on June 22, 1999. An objection was sustained to appellant's question concerning whether Officer Smith let the cars go when he saw appellant photographing him on June 22, 1999.
Appellant testified that he came to a complete stop.
The trial judge commented that he is familiar with the stop sign in question, and he has seen many drivers failing to completely stop at that location. The judge said that the street curved and encouraged people not to stop. The judge said that on occasion, he has also failed to stop. He believed that many times drivers think they are completely stopping, but they are not.
The trial court found appellant guilty and fined him $25 plus costs. The fine was suspended.
The record is not clear as to whether appellant paid the costs. Even if appellant voluntarily paid the costs, the appeal is not moot because the points assessed against appellant's driver's license are a collateral disability. See Westlake v. Connole
(Sept. 2, 1999), Cuyahoga App. Nos. 74727, 74910, unreported.
 I.
Appellant's first assignment of error states:
 THE LOWER COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY NOT ALLOWING HIM TO SUBMIT EVIDENCE AND CROSS-EXAMINE THE OFFICER WHO CITED HIM FOR A TRAFFIC VIOLATION CONCERNING THREE MOTORISTS HE ALSO CITED ON JUNE 22, 1999 FOR NOT MAKING A COMPLETE STOP AT THE SAME LOCATION HE CITED DEFENDANT-APPELLANT ON JUNE 3, 1999; AND IMMEDIATELY THEREAFTER, THE SAME OFFICER STOPPED THREE MORE MOTORISTS IN SUCCESSION FOR THE SAME OFFENSE, BUT LET THEM ALL GO WITHOUT A CITATION WHEN HE SAW DEFENDANT-APPELLANT PHOTOGRAPHING AND WRITING DOWN THE LICENSE NUMBERS OF THE THREE CARS.
Appellant asserts that on June 22, the drivers pulled over by Officer Smith had actually stopped at the stop sign. Then, Smith let drivers go when he saw he was being photographed. This evidence is irrelevant to the issue of whether appellant did or did not stop at the stop sign. See Evid.R. 401, 402. See State v.Boggs (1992), 63 Ohio St.3d 418, 422.
Appellant contends this evidence was relevant to prove the Officer was not credible, pursuant to Evid.R. 607. Specific instances of conduct may be inquired into on cross-examination for the purpose of attacking the witness's character for truthfulness if, in the discretion of the court, they are clearly probative of truthfulness or untruthfulness. Evid.R. 608 (B), SeeState v. Boggs, supra. The trial court did not abuse its discretion in determining the testimony at issue was not clearly probative of Officer Smith's truthfulness. Appellant may have been mistaken as to whether the cars came to a full stop. Smith may have stopped the innocent drivers by mistake. The fact that Smith sent other cars on their way when he was being photographed is not clearly probative of Smith's truthfulness.
Appellant contends the fact that the drivers were let go demonstrates selective prosecution. Appellant failed to show that these other drivers were similarly situated and that the government's decision to prosecute him was in bad faith. SeeState v. Flynt (1980), 63 Ohio St.2d 132, 134; State v. Getsy
(1998), 84 Ohio St.3d 180
The trial court did not err in excluding this evidence.
Accordingly, this assignment of error is overruled.
 II.
Appellant's second assignment of error states:
 THE LOWER COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY DENYING HIM A FAIR AND IMPARTIAL TRIAL, BY DENYING HIM THE RIGHT TO CROSS-EXAMINE THE OFFICER WHO GAVE HIM A CITATION ON RELEVANT QUESTIONS AS TO WHETHER OR NOT HE WAS BOUND BY A QUOTA SYSTEM TO WRITE A MINIMUM AMOUNT OF TRAFFIC TICKETS AND HOW MANY TICKETS HE WROTE AT THE SAME LOCATION IN THE MONTH OF JUNE 1999 WHERE DEFENDANT-APPELLANT WAS CITED.
Proof of a quota system does not show it was more probable that appellant did make a full stop at the stop sign. The trial court did not err in excluding this evidence as irrelevant. See Evid.R. 401, 402, State v. Sheldon (March 6, 1992), Sandusky App. No. S-91-28, unreported, citing State v. Sage (1987), 31 Ohio St.3d 173
. Whether a quota system existed was not clearly probative of Smith's truthfulness. See Evid.R. 608 (B).
Accordingly, this assignment of error is overruled.
 III.
Appellant's third assignment of error states:
 THE LOWER COURT ERRED TO THE PREJUDICE OF DEFENDANT-APPELLANT BY BASING ITS FINDING OF GUILTY ON A UNFAIR, UNOBJECTIVE PERSONAL EXPERIENCE OF SOMETIMES VIOLATING THE SAME TRAFFIC OFFENSE THAT THE LOWER COURT APPLIED TO MOST MOTORIST — ALTHOUGH THE DEFENDANT-APPELLANT DENIED VEHEMENTLY, ALL DURING HIS TRAFFIC STOP AND THE COURT PROCEEDINGS, THAT HE HAD VIOLATED THE LAW.
The record does not demonstrate that the court relied on improper evidence of the judge's personal experience to find appellant guilty. There was sufficient evidence to support the verdict, and the verdict was not against the manifest weight of the evidence. See State v. Jenks (1991), 61 Ohio St.3d 259. Officer Smith testified that appellant slowed to one mile per hour, but did not stop.
The trial judge related his personal experience of how someone could believe they stopped, but actually did not come to a complete stop. The judge's remarks justified the waiver of the fine. A judge's sentencing requires the exercise of personal judgment; the court is not required to divorce itself from all personal experiences and make his decision in a vacuum. State v.Cook (1992), 65 Ohio St.3d 516, 529.
Accordingly, this assignment of error is overruled.
The decision of the trial court is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Cleveland Municipal Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATTON, J., AND CORRIGAN, J., CONCUR.
 ________________________________ ANN DYKE ADMINISTRATIVE JUDGE