DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Defendant Stephan Miller has appealed from his convictions and respective sentences in the Summit County Court of Common Pleas. This Court affirms.
 I.
During September 1996, Melissa Aller and Defendant were married. Ms. Aller's twelve year old daughter, Heather, upon learning of the marriage, became extremely distressed, ran away from home temporarily and at one point physically attacked Ms. Aller. During December of that same year, Defendant was arrested for an outstanding bench warrant for a DUI offense that occurred in 1995. He was sentenced to six months in jail. Upon his release from jail, Defendant returned home.
On April 24, 1997, Ms. Aller and Defendant had an argument which Heather witnessed. As a result of this argument, Defendant was convicted of domestic violence and sentenced accordingly. On August 5, 1997, he entered the Community Based Correctional Facility, a four-to-six month program with a minimum thirty day lock-up. On November 29, 1997, Defendant left the facility without permission and as a result, was convicted of escape. He waited to move the trial court for judicial release until April 1998.
At that time, Ms. Aller told Heather that Defendant might be coming back to live with them. Being afraid of what Defendant might do upon his return, Heather told her mother that Defendant had hurt her and forced her to have sex with him during 1996. Heather was taken to Children's Hospital and examined.
On February 3, 1999, after a jury trial, Defendant was convicted of rape, a violation of R.C. 2907.02(A)(1)(b), and was sentenced to life imprisonment. He was also convicted of gross sexual imposition, a violation of R.C. 2907.05(A)(4), and was sentenced to one year imprisonment. Defendant timely appealed, asserting four assignments of error.
 II. FIRST ASSIGNMENT OF ERROR The trial court erred to the prejudice of [Defendant] by overruling [Defendant's] motion for a hearing under R.C. 2907.02(E); this ruling violated [Defendant's] confrontation rights under the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section 10 of the Ohio Constitution.
Prior to trial, counsel for Defendant had formed a belief that Heather had falsely accused her maternal grandfather of rape, and in an attempt to assail her credibility at trial, moved the court below for an in camera hearing pursuant to R.C. 2907.02(D) to explore the issue. The trial court asked if Defendant had any evidence indicating that Heather had recanted her story. When counsel for Defendant answered in the negative, the trial court denied the motion.
The Ohio Supreme Court has stated that R.C. 2907.02 prohibits evidence of "sexual activity" of the victim. State v. Boggs
(1992), 63 Ohio St.3d 418, 423. This rule, however, is not absolute. If it appears to the trial court that "sexual activity" has not taken place, e.g. prior, false allegations of rape, evidence surrounding those circumstances may be admissible. TheBoggs court stated,
 Where an alleged rape victim admits on cross-examination that she has made a prior false rape accusation, the trial judge shall conduct an in camera hearing to ascertain whether sexual activity was involved and, as a result, cross-examination on the accusation would be prohibited by R.C. 2907.02(D), or whether the accusation was totally unfounded and therefore could be inquired into pursuant to Evid.R. 608(B).
 Boggs, 63 Ohio St.3d 418, paragraph two of the syllabus. TheBoggs court went on to hold that once the question is posed, and the victim denies such conduct, the issue is closed. The defendant must accept the victim's answer. Id. at 423. If, on the other hand, the victim admits prior false accusations, a trial court must hold an in camera hearing, inquire whether the accusations were actually made and be satisfied that the prior allegations were actually false or fabricated. Id. After the hearing, if the trial court believes the allegations of rape were true or even if consensual sexual activity occurred, R.C. 2907.02
prevents its introduction into evidence. If the trial court determines that the allegations were made and were, in fact, false, it still, in its discretion, may prohibit a defendant from posing any further questions on the matter. Id; Evid.R. 403(A).
In the instant case, Defendant requested the in camera
hearing prior to trial. Nevertheless, his obligation remained the same: he had to persuade the trial court that the accusations were actually made, that no sexual activity had taken place and that the allegations of rape were false.
Defendant has argued that the trial court erred to his prejudice by not conducting a hearing pursuant to R.C. 2907.02
prior to trial. However, in his merit brief, Defendant conceded: (1) that he had no knowledge of any recantation by Heather; (2) that he did not possess any other evidence indicating that the prior allegations were indeed false; and, (3) that he did not even attempt to broach this issue with Heather while cross-examining her at trial. As such, this Court cannot unearth any prejudice below. Pursuant to Evid.R. 608(B) and Boggs,[1] Defendant failed to offer the trial court any substantial reason to believe the prior allegations were false. As such, the trial court's denial of Defendant's motion for an in camera hearing was not improper. Defendant has not demonstrated prejudice. His first assignment of error is, therefore, overruled.
 SECOND ASSIGNMENT OF ERROR The trial court erred to the prejudice of [Defendant] by permitting State Witness Aller to testify over objection concerning physically abusive acts by [Defendant] towards Aller and Heather Radcliff.
In his second assignment of error, Defendant has challenged the admission of Ms. Aller's testimony regarding the physical abuse she and Heather suffered at the hands of Defendant. During his cross-examination, Defendant stated that his relationship with Ms. Aller became physically abusive just once. When Ms. Aller took the stand during the State's rebuttal, she contradicted his testimony and stated that Defendant had been physically abusive to her and Heather on a couple of occasions.
On appeal, Defendant has essentially asserted that Ms. Aller's testimony was inadmissible under Evid.R. 608(B). Evid.R. 608(B) provides, in pertinent part,
 Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness's character for truthfulness, other than conviction of crime as provided in Evid.R. 609, may not be proved by extrinsic evidence.
However, when testimony that would otherwise be excluded by Evid.R. 608(B) is relevant to a material issue in the case, the rule will not block the challenged testimony's introduction.State v. Williams (1986), 21 Ohio St.3d 33, 37.
Defendant was charged and convicted of rape of a child with force pursuant to R.C. 2907.02(A)(1)(b) and (B). Indeed, this Court notes that while force is not an element of rape if the victim is under thirteen years of age, it is a factor in sentencing. State v. Schindler (May 24, 1995), Lorain App. Nos. 94CA005890 and 94CA005901, unreported, 1995 Ohio App. LEXIS 2133, at *7, citing State v. Sklenar (1991), 71 Ohio App.3d 444, 447. Indeed, a minimal threat of force must be shown in some form to sentence a defendant to life imprisonment. State v. Dye (1998),82 Ohio St.3d 323, 327-28. The use of force or the threat thereof was, therefore, a material issue below.
The State may make the requisite showing of a threat of force by way of inferences. The Ohio Supreme Court has held that a threat of force can be inferred from the circumstances surrounding sexual conduct. State v. Schiam (1992), 65 Ohio St.3d 51, paragraph one of the syllabus. Thus, if the State can demonstrate that a defendant created a belief that physical force would be used unless the victim submitted, force has been demonstrated.Id.
Turning to the case at bar, Ms. Aller testified regarding the physical abuse she and Heather suffered. She stated that she recalled Defendant physically abusing Heather and at least two instances in which Defendant had been physically abusive towards her as well. After reviewing all the testimony in question, this Court concludes that Ms. Aller's testimony was not offered solely to impeach the credibility of Defendant. Rather, her testimony was directly probative of the material issue of Defendant's use of force. As such, its admission was neither an abuse of discretion nor even improper. Defendant's second assignment of error is overruled.
 THIRD ASSIGNMENT OF ERROR The trial court erred to the prejudice of [Defendant] by admitting hearsay statements contained in the medical records over the objection of [Defendant.]
In his third assignment of error, Defendant has asserted that the trial court improperly admitted medical records that contained Heather's statements to treating hospital personnel regarding the sexual abuse she suffered. This Court disagrees.
It is well settled that statements made for the purposes of medical treatment are admissible as exceptions to the rule against hearsay. Evid.R. 803(4); State v. Burrell (1993), 89 Ohio App.3d 737,742, citing State v. Boston (1989), 46 Ohio St.3d 108, 120. Indeed, Defendant has conceded that the evidence in question was admissible under Evid.R. 803(4). Defendant has challenged its admission, instead, by invoking Evid.R. 403(A). Evid.R. 403(A) states,
 Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury.
"When considering evidence under Evid.R. 403, the trial court is vested with broad discretion and an appellate court should not interfere absent a clear abuse of that discretion." State v.Royston (Dec. 15, 1999), Summit App. No. 19182, unreported, at 5-6, quoting State v. Allen (1995), 73 Ohio St.3d 626, 633. Defendant has not demonstrated that a clear abuse of discretion occurred in this case. Defendant's third assignment of error is overruled.
 FOURTH ASSIGNMENT OF ERROR The convictions are against the weight of the evidence.
Defendant was convicted of Rape pursuant to R.C. 2907.02. That provision states, in pertinent part,
 (A)(1) No person shall engage in sexual conduct with another who is not the spouse of the offender or who is the spouse of the offender but is living separate and apart from the offender, when any of the following applies:
* * *
 (b) The other person is less than thirteen years of age, whether or not the offender knows the age of the other person.
* * *
 (B) * * * If the offender under division (A)(1)(b) of this section purposely compels the victim to submit by force or threat of force, whoever violates division (A)(1)(b) of this section shall be imprisoned for life.
R.C. 2907.01(A) defines sexual conduct:
 `Sexual conduct' means vaginal intercourse between a male and female; anal intercourse, fellatio, and cunnilingus between persons regardless of sex; and, without privilege to do so, the insertion, however slight, of any part of the body or any instrument, apparatus, or other object into the vaginal or anal cavity of another. Penetration, however slight, is sufficient to complete vaginal or anal intercourse.
Defendant was also convicted of Gross Sexual Imposition, a violation of R.C. 2907.05. That provision states, in pertinent part,
 (A) No person shall have sexual contact with another, not the spouse of the offender; cause another, not the spouse of the offender, to have sexual contact with the offender; or cause two or more other persons to have sexual contact when any of the following applies:
* * *
 (4) The other person, or one of the other persons, is less than thirteen years of age, whether or not the offender knows the age of that person.
Sexual contact is defined in R.C. 2907.01(B) as:
 [A]ny touching of an erogenous zone of another, including without limitation the thigh, genitals, buttock, pubic region, or, if the person is a female, a breast, for the purpose of sexually arousing or gratifying either person.
Defendant has argued that the evidence introduced at trial regarding Heather "should not be credited." He has advanced five theories in support of his argument: (1) Heather's physical attack of her mother upon learning of her marriage to Defendant indicates Heather's desire to remove Defendant from her and her mother's life; (2) Ms. Aller failed to notice any change in Heather's behavior during the time in which the attacks took place; (3) Heather's account to hospital personnel indicated sexual contact, but not sexual conduct; (4) Heather's hymen would have been ruptured if she truly had been assaulted fifteen times; and, (5) Heather incorrectly identified one particular time frame in which some of the assaults took place.
In response, the State has argued that the jury had direct evidence of sexual assault — the testimony of the victim, Heather. At trial, she testified to the jury that (1) Defendant touched her sexually numerous times; (2) Defendant kissed her on the lips, on her breasts and between her legs; (3) Defendant forced his fingers into her vagina; (4) Defendant made her perform oral sex on him; and, (5) Defendant forcibly drove his penis into her vagina on numerous occasions.
The State has further argued that in response to Defendant's first theory, Heather's motive in coming forth was clearly based upon her express fear of his return and the abuse she would be subjected to once more. As for Defendant's second and fifth theories, the State has argued that a child of such tender years would understandably hide the abuse of a new stepfather from her mother and not precisely recall the timeline of abuse. In its attack on Defendant's third theory, the State correctly pointed out that science has evolved from the discredited assumption that sex abuse necessarily produces a ruptured hymen. See, e.g., Statev. Carpenter (1989), 60 Ohio App.3d 104. As for Defendant's fourth theory, the State has argued that again, due to her tender years, Heather's concession that she did not disclose the forced vaginal intercourse to hospital personnel because she was "embarrassed" is understandable.
To determine whether a conviction is against the manifest weight of the evidence:
 The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction.
 State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting Statev. Martin (1983), 20 Ohio App.3d 172, 175; see, also, State v.Otten (1986), 33 Ohio App.3d 339, 340.
Where a mere conflict in evidence exists and reasonable minds could reach differing conclusions upon issues of fact, a lower court's decision will go undisturbed. State v. Holt (Sept. 8, 1999), Lorain App. No. 97CA006985, unreported, at 3. In such a case, this Court will not sit as a thirteenth juror and overrule the jury's resolution of conflicting testimony. See Thompkins,78 Ohio St.3d at 387, quoting Tibbs v. Florida (1982), 457 U.S. 31,42, 72 L.Ed.2d 652, 661. After reviewing the entire record, this Court concludes that the jury neither lost its way nor created a manifest miscarriage of justice. Heather, a girl of tender years, offered testimony which was, at times, inconsistent.
Nevertheless, considering the gravity of the offense, her age and the jury's prerogative to resolve conflicting evidence on its own, this Court has not uncovered error. The evidence in this case does not weigh heavily against the Defendant's conviction as required by law. Defendant's fourth assignment of error is overruled.
 III.
Defendants four assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 _______________________________ BETH WHITMORE
FOR THE COURT SLABY, P.J., BATCHELDER, J. CONCUR.
[1] Evid.R. 608(B) prohibits the use of extrinsic evidence of specific instances of a witness's past conduct, for purposes of attacking or supporting credibility. State v. Netherland (Feb. 8, 1999), Hamilton App. C-971086, unreported, 1999 Ohio App. LEXIS 422, at *14-15. However, in a trial court's discretion, those instances may be the subject of cross-examination if they are probative of the witness's veracity. Boggs, 63 Ohio St.3d at 422;Netherland, at *15; Evid.R. 608(B). When seeking to cross-examine a victim on prior false accusations of rape, a defendant must "demonstrate that the accusations were totally false and unfounded." Netherland, 1999 Ohio App. LEXIS 422 at *16, quoting Boggs, 63 Ohio St.3d at 423.