OPINION
Defendant Steven Pettrey appeals a judgment of the Court of Common Pleas of Stark County, Ohio, which convicted and sentenced him for one count of rape in violation of R.C.2907.02, after a jury found him guilty. The trial court also classified appellant a sexual predator. Appellant assigns four errors to the trial court:
 ASSIGNMENTS OF ERROR I. THE TRIAL COURT ERRED IN REFUSING TO ALLOW APPELLANT TO CROSS EXAMINE THE VICTIM ON PRIOR FALSE ACCUSATIONS.
 II. THE TRIAL COURT ERRED IN ALLOWING THE PROSECUTOR TO DRAW AN IMPROPER INFERENCE FROM THE DEFENDANT'S TESTIMONY.
 III. THE TRIAL COURT ERRED IN ALLOWING THE JURY TO CONTINUE TO DELIBERATE ON THE RAPE CHARGE ONCE THEY HAD RETURNED A VERDICT OF GUILTY ON THE SEXUAL BATTERY CHARGES.
 IV. THE VERDICT WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
At trial, the State presented evidence appellant had sexual intercourse with his minor niece while she was living in his home. Appellant's niece testified at first she liked living with appellant and his wife but later the appellant began to make sexual advances towards her. The victim testified on the night in question, appellant asked her to have sex with him, but she refused. After she thought about it, she agreed to have sex with appellant on the condition he would leave her alone afterwards. However, appellant's niece again changed her mind about having sex because he was her uncle. She testified that although she told him she did not want to this, he persisted and forced her to have sexual intercourse, leaving a bruise on her arm.
 I
In an in camera hearing, the trial court inquired of the victim whether she had previously made accusations of sexual abuse other than those made against appellant. The victim stated she had made allegations against three men approximate two years before, and someone else when she was ten or twelve years old. Appellant stated the allegations against the three men when she was fifteen were true. Appellant proffered to the trial court that two of the men accused were present and willing to testify the allegations made against them when the victim was approximately fifteen were false. The trial court found because the victim maintained these allegations were true, R.C. 2907.02 and Evid.R. 608 prohibited introducing specific instances of the victim's sexual activity. Appellant urges he should have been permitted to cross examine about her prior rape allegations against others, and to present evidence the allegations were false. First of all, the trial court has broad discretion in admitting or excluding relevant evidence at trial, see State v. Sage (1987),31 Ohio St.3d 173. Ohio's rape shield law, R.C. 2907.02, prohibits introducing evidence of specific instances of the victim's sexual activity and reputation unless it involves evidence of the origin of semen, pregnancy or disease, or the victim's past sexual activity with the offender, and only to the extent that the trial court finds the evidence is material to a fact at issue, and its prejudicial inflammatory nature does not outweigh its probative value. Evid.R. 608 (B) prohibits the admission of extrinsic evidence of specific instances of conduct, for the purpose of attacking or supporting the witness' character for truthfulness, other than for conviction of a crime. In State v. Boggs (1992), 63 Ohio St.3d 418, the Ohio Supreme Court explained the procedure the trial court should take when faced with a situation like that at bar. The court found when an alleged victim admits on cross examination she has made prior accusations, the trial judge must conduct an in camera hearing to ascertain whether sexual activity was involved. If sexual activity was involved, then the testimony is inadmissible pursuant to R.C. 2907.02. However, if the trial judge finds there was a false accusation and there was no sexual activity involved, then the rape shield statute does not prohibit introduction of this evidence. Thus, the evidence would be permitted under Evid.R. 608 because it is probative of truthfulness or untruthfulness, Boggs at 421. Here, the trial court examined the victim to determine whether there were prior allegations involving sexual activity. The victim stated under oath her prior allegations did involve sexual activity and they were true. The court properly determined Ohio's Rape Shield Law prohibited the introduction of this evidence. The trial court properly excluded the testimony of the two men accused in the earlier incidents, because this testimony was extrinsic in nature and excluded under Evid.R. 608 as well as the Rape Shield statute. We have reviewed the transcript of proceedings, and we find the trial court correctly conducted the in camera hearing. Further, we find the trial court did not abuse its discretion in excluding the evidence. The first assignment of error is overruled.
 II
In his second assignment of error appellant urges the trial court should not have permitted the prosecutor to comment on appellant's testimony during closing argument. Appellant testified once he heard of the allegations, he responded, ". . . this don't seem right. . . ."[sic] One of the State's witnesses had testified in the State's case in chief the witness once observed appellant point a hose directly at the victim's crotch and then at her breast, which the witness felt was inappropriate. Appellant testified the hose incident was not as the State's witness had described. Appellant testified when police asked him about the rape, appellant told the detective he did not do it. During closing argument, the prosecutor told the jury appellant did not deny the allegations directly. Appellant argues this statement is not accurate, because at trial he was never directly asked whether or not he was guilty. Appellant urges the prosecutor mischaracterized the evidence, and in effect commented impermissibly on appellant's constitutional right to remain silent. We do not agree. Appellant did not exercise his right to remain silent, but rather, gave a statement to the detective, and then testified at trial. As the State correctly points out, a defendant's post-arrest silence may not be used against him at trial, see Doyle v. Ohio (1976),426 U.S. 610. However, if a defendant voluntarily makes a statement, the Fifth Amendment does not prohibit the State from using the statement, or from commenting upon it, see State v. Osborne (1977), 50 Ohio St.2d 211. We have reviewed closing argument, and we find the prosecutor pointed out to the jury appellant did not deny the charges directly, but merely testified he had denied the charges when asked by the police. Our review of closing argument leads us to conclude there was no prosecutorial misconduct. The second assignment of error is overruled.
 III
Appellant was originally indicted on one count of rape and two counts of sexual battery. To prove the offense of rape, the State had to prove appellant engaged in sexual conduct with another by purposely compelling submission by force or threat of force, R.C. 2907.02. To prove sexual battery, the State had to prove appellant engaged in sexual conduct with a person not his spouse either by knowingly coercing that person to submit by means which would prevent resistence in a person of ordinary resolution, or by being in loco parentis, R.C. 2907.03. The trial court instructed the jury the three counts of the indictment did not charge separate offenses, but rather were in the alternative. The court instructed the jury if it found beyond a reasonable doubt the State had proved all the essential elements of one offense, then it should render a verdict of guilty as to that offense and not guilty as to the others. In spite of its instruction, the jury returned verdicts of guilty on all three counts. The court sent the jury back to review its verdicts in light of the cited instruction. The jury then returned a verdict of guilty to the rape charge and not guilty to the two sexual battery charges. Appellant urges this constitutes inconsistent verdicts, and because the jury originally found him guilty of the sexual battery counts, the court should have accepted the verdict and dismissed the rape charge. We find appellant is incorrect when he characterizes the jury's original verdicts as inconsistent. Our review of the record leads us to conclude the trial court correctly instructed the jury initially, and very properly returned the jury to review its verdicts in light of its instruction. The court instructed the jury to choose between the rape and the sexual battery counts, rather than convicting him on all counts. We find the trial court did not err in accepting the verdict that appellant was guilty of rape, and sentencing him accordingly. The third assignment of error is overruled.
 IV
In his fourth assignment of error, appellant urges the jury's verdict was against the manifest weight of the evidence. In State v. Eley (1978), 56 Ohio St.2d 169, the Supreme Court held a reviewing court must not reverse a jury verdict where there is substantial evidence presented upon which a jury could reasonably conclude the State had proven all the elements of the offense beyond a reasonable doubt. Here, notwithstanding the jury's confusion over the verdict, the issue the jury had to decide was whether appellant or the victim was telling the truth about what occurred. As noted supra, to support a charge of rape, the State had to introduce evidence appellant used force to compel his victim to engage in sex with him. Our review of the record leads us to conclude there was sufficient competent and credible evidence presented to the jury on each element of the crime charged to warrant a reasonable jury to render a verdict of guilty. The fourth assignment of error is overruled. For the foregoing reasons, the judgment of the Court of Common Pleas of Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, P.J., Wise, J., and Reader, V. J., concur