{¶ 97} I must respectfully dissent. I disagree with the majority's analysis of Singleton's third assignment of error.
 {¶ 98} Recently, in State v. Brazzon, I noted the following in a dissenting opinion:
 {¶ 99} "Child rape cases are of paramount importance. A child has alleged that an adult has committed terrible and unthinkable sexual acts with her. If true, a conviction and prison term is justified to protect potential victims and deter future offenses. However, if the allegations are untrue, an innocent individual may be sent to prison for the rest of his life. For this reason, it is essential that the trial court strictly adhere to the Rules of Evidence designed to afford both the accused and the victim a fair trial."[8]
 {¶ 100} In Singleton's third assignment of error, he contends the trial court erred by not permitting cross-examination of the victim regarding prior false rape accusations. This issue creates a delicate balancing act. R.C. 2907.02(D), Ohio's Rape Shield Statute, prohibits cross-examination of the alleged victim regarding prior sexual activity. Meanwhile, under Evid.R. 608(B), a false rape accusation is a specific instance of conduct that is probative of the victim's credibility. The Supreme Court of Ohio has specifically addressed this issue in State v.Boggs.[9] If the prior accusation involved sexual activity, i.e., consensual sex, further cross-examination into the matter is barred by R.C. 2907.02(D).[10] However, if the accusation is totally unfounded, then cross-examination may continue, at the trial court's discretion.[11] A problem with the State v. Boggs holding is that it is somewhat ambiguous as to the proper procedure to be followed by a trial court in these cases. I believe that ambiguity has contributed to the trial court's error in this matter.
 {¶ 101} As stated by the Supreme Court of Ohio:
 {¶ 102} "Where an alleged rape victim admits on cross-examination that she has made a prior false rape accusation, the trial judge shall conduct an in camera hearing to ascertain whether sexual activity was involved and, as a result, cross-examination on the accusation would be prohibited by R.C. 2907.02(D), or whether the accusation was totally unfounded and therefore could be inquired into pursuant to Evid.R. 608(B)."[12]
 {¶ 103} The court further held, "if defense counsel inquires of an alleged rape victim as to whether she has made any prior false accusations of rape, and the victim answers no, the trial court would have the discretion to determine whether and to what extent defense counsel can proceed with cross-examination."[13]
 {¶ 104} Contrary to what the trial court held, it is clear counsel is permitted to question the alleged victim as to whether she has made a prior false rape accusation.
 {¶ 105} However, "before cross-examination of a rape victim as to prior false rape accusations may proceed, the trial judgeshall hold an in camera hearing to ascertain whether such testimony involves sexual activity and thus is inadmissible under R.C. 2907.02(D), or is totally unfounded and admissible for impeachment of the victim. It is within the sound discretion of the trial court, pursuant to Evid.R. 608(B), whether to allow such cross-examination."[14]
 {¶ 106} Many courts have followed the holding in paragraph two of the syllabus in State v. Boggs and held that defense counsel is permitted to ask the initial question to the alleged victim of whether she has made a prior false accusation of rape.[15] The Eighth Appellate District has suggested that an in camera hearing is required prior to defense counsel asking the initial question on cross-examination.[16] Finally, other courts have permitted a trial court to conduct an in camera hearing prior to the initial question being asked if there is a motion by one of the parties. These motions have been filed by the prosecution[17] and by the defense.[18]
Specifically, the Second Appellate District held that the in camera determination can be made before defense counsel is permitted to initially question the victim.[19]
 {¶ 107} The majority opinion holds, "[o]nly if the victim responds affirmatively is the court required to conduct an in camera hearing to determine if the prior instances involved sexual activity." I disagree. "[A]n in camera hearing is necessary independent of the witness' response."[20]
 {¶ 108} While Singleton was not permitted to introduce extrinsic evidence to support his claim during the trial, Singleton was permitted to introduce extrinsic evidence during the in camera hearing.[21] The Fourth Appellate District held, "it is difficult to imagine how a trial court could even make a fair and well-reasoned factual determination of whether the accusations involved `sexual activity' without considering extrinsic evidence."[22] I agree.
 {¶ 109} After a thorough analysis of State v. Boggs and subsequent interpretations, I would hold the following procedure is to be used when defense counsel wishes to cross-examine an alleged victim regarding alleged false accusation of rape. (1) At the discretion of the prosecutor or defense counsel, either party may move for an in camera hearing to admit (or exclude) cross-examination on this issue. (2) If neither party so moves, defense counsel is permitted to initially question the victim about prior false rape accusations. (3) Regardless of the victim's answer, the trial court would conduct an in camera hearing to determine whether the prior accusation involved sexual activity. Extrinsic evidence is permitted at the in camera hearing. (4) If the trial court determines the instance involved sexual activity, further inquiry is prohibited under R.C.2907.02(D). (5) If the trial court determines that the instance was totally unfounded, cross-examination of the victim may continue, at the trial court's discretion, pursuant to Evid.R. 608.
 {¶ 110} During the in camera hearing in the case sub judice, defense counsel summarized the potential extrinsic evidence that would show the victim made a prior false rape accusation. However, the trial court summarily dismissed defense counsel's assertions without suggesting it would allow extrinsic evidence during the in camera hearing.
 {¶ 111} Also, the trial court informed defense counsel that he needed to raise the issue with the court prior to initially asking the victim whether she had made a false accusation of rape. This is inconsistent with the Supreme Court of Ohio's holding in State v. Boggs.[23] Thereafter, the trial court informed the jury that the initial question was "inappropriate" and instructed the jury to disregard the question and answer.
 {¶ 112} Since the trial court did not permit the presentation of extrinsic evidence at the in camera hearing, it did not properly determine whether the allegedly false accusation involved sexual activity or was totally unfounded. Moreover, in light of the trial court's statements to the jury and its comments during the in camera hearing, the trial court concluded defense counsel was wrong in asking the initial question. Thus, I cannot say the trial court impartially considered whether to allow defense counsel to the opportunity to continue to cross-examine the victim regarding the allegedly false accusation. Accordingly, the trial court abused its discretion by not exercising its discretion.
 {¶ 113} In addition, I do not agree with the majority's conclusion that this error was harmless. It is undisputed that the questioning was done to attack the victim's credibility. The majority notes that the victim's credibility was attacked through the testimony of her sister and the victim's admission that she was not initially honest with investigators. In light of these instances, I believe that the trial court's error in handling the false accusation issue cannot be deemed "harmless." Every time the defense can show that the alleged victim is dishonest decreases the probability that the jury will believe the victim's testimony regarding the underlying crime.
 {¶ 114} Moreover, I do not believe every instance of dishonesty introduced at trial necessarily carries the same weight. For instance, evidence may be introduced suggesting that a teenager lied to her parents regarding her reason for breaking curfew. The jury could conclude that many teenagers lie to avoid getting into trouble, but still believe the individual's substantive testimony regarding the serious offense of rape. However, if it can be shown that the victim falsely accused another of rape, it may be more likely that the jury would question the victim's credibility regarding the instant rape accusation.
 {¶ 115} Finally, Singleton was prejudiced by the jury hearing that his counsel had made an error when, in fact, he had not. The jury was led to believe defense counsel was out of line. Rather, defense counsel's actions were entirely consistent with the Supreme Court of Ohio's holding in State v. Boggs. The trial court was wrong to chastise defense counsel's actions, and, as a result, Singleton was prejudiced.
 {¶ 116} Due to the improper evidentiary ruling of the trial court, I would reverse the judgment of the trial court and remand this matter for a new trial.
[8] State v. Brazzon, 11th Dist. No. 2001-T-0050, 2003-Ohio-6088, at ¶ 72 (O'Neill, J., dissenting).
[9] State v. Boggs (1992), 63 Ohio St.3d 418.
[10] Id. at paragraph two of the syllabus.
[11] Id.
[12] Id.
[13] State v. Boggs, 63 Ohio St.3d at 421.
[14] (Emphasis added.) Id. at 424.
[15] See State v. Netherland (1999), 132 Ohio App.3d 252,262; State v. Carr (June 3, 1993), 3d Dist. No. 17-92-21, 1993 Ohio App. LEXIS 2849, at *2-4; State v. Said (Mar. 26, 1993), 11th Dist. No. 92-L-018, 1993 Ohio App. LEXIS 1751, at *8-9;State v. Delozier (Nov. 17, 1994), 10th Dist. No. 94APA02-250, 1994 Ohio App. LEXIS 5183, at *10-11 (regarding one of the allegedly false accusations); and State v. McMillian (May 8, 1996), 1st Dist. No. C-950523, 1996 Ohio App. LEXIS 1821, at *17-19.
[16] State v. Garrett (Sept. 2, 1999), 8th Dist. No. 74759, 1999 Ohio App. LEXIS 4083, at *10-11.
[17] See State v. Lampkin (Oct. 6, 1993), 9th Dist. No. 93CA005555, 1993 Ohio App. LEXIS 4885, at *3; State v. Villa, 2d Dist. No. 18868, 2002-Ohio-2939, at ¶ 60.
[18] See State v. Moon, 5th Dist. No. 2002 CA 00028, 2002-Ohio-6850, at ¶ 11-12; State v. Delozier, 1994 Ohio App. LEXIS 5183, at *10-11 (regarding one of the allegedly false accusations).
[19] State v. Villa, 2002-Ohio-2939, at ¶ 61.
[20] State v. Smith (Nov. 8, 1995), 2d Dist. No. 94-CA-86, 1995 Ohio App. LEXIS 4960, at *13, fn. 1, citing State v. Boggs
(1993), 89 Ohio App.3d 206, 211.
[21] State v. Boggs, 89 Ohio App.3d at 211; State v. Smith, 1995 Ohio App. LEXIS 4960, at *13, fn. 1.
[22] State v. Boggs, 89 Ohio App.3d at 211.
[23] State v. Boggs, 63 Ohio St.3d 418, paragraph two of the syllabus. See, also, the cases cited in fn. 15.