The STATE of Ohio, Appellee,

v.

BOGGS, Appellant.

[Cite as *State v. Boggs* (1993), 89 Ohio App.3d 206.]

Court of Appeals of Ohio,
Adams County.

No. 92 CA 540.

Decided May 6, 1993.

*Robert D. Castor,* Adams County Assistant Prosecuting Attorney, for appellee.

*James Kura,* Ohio Public Defender, and *Kort Gatterdam,* Assistant Public Defender, for appellant.

STEPHENSON, Judge.

This is an appeal from a judgment entered by the Adams County Court of Common Pleas finding no reason to reopen this case and remanding Roger Boggs, defendant below and appellant herein, for completion of his previously imposed sentence. Appellant assigns the following errors for our review:

"I. The trial court erred in refusing to allow testimony at the evidentiary hearing from appellant's witnesses as to the alleged victim's prior false accusations of sexual misconduct. Said error deprived appellant of his Ohio and United States constitutional rights to present a defense and to due process of law.

"II. The trial court erred in refusing to grant Mr. Boggs a new trial. Said error deprived Mr. Boggs of his Ohio and United States constitutional rights to confrontation, cross-examination and due process of law."

A short summary of the facts pertinent to this appeal is as follows. In the latter hours of Christmas Eve, 1988, Elizabeth Berman visited the emergency room of the Adams County Hospital and reported that appellant had assaulted and raped her earlier that evening. On January 26, 1989, appellant was indicted by the grand jury on one count of rape in violation of R.C. 2907.02, one count of kidnapping in violation of R.C. 2905.01, and one count of felonious assault in violation of R.C. 2903.11.

The matter came on for trial on May 15, 1989, at which time Berman identified appellant as the individual who raped and assaulted her. Photographs introduced by the state corroborated appellant's testimony that she had been beaten. Testimony by Dr. Randall Volk, attending physician at the Adams County Hospital emergency room, revealed that Berman had a small anterior anal laceration. However, Dr. Volk also testified that he found no injury whatsoever to the vulva or vaginal areas. Scientific tests on items taken as part of the so-

called "rape kit" revealed no traces of any seminal fluid and that all hair samples taken at the scene had come from the alleged victim herself. Berman conceded on cross-examination that she has been under longtime treatment for schizophrenia and depression as well as "psychotic episodes" in which she would "lose touch with what's real and what's not real." During cross-examination, defense counsel attempted to question Berman concerning previous false rape accusations that she was alleged to have made against other individuals. The lower court ruled that such questioning violated the "rape shield provisions" of R.C. 2907.02(D) and prohibited all inquiry into that subject.

The jury returned a verdict finding appellant guilty on all counts specified in the indictment and, subsequently, the trial court entered its judgment of conviction thereon. In *State v. Boggs* (Jan. 23, 1991), Adams App. No. 494, unreported, 1991 WL 13735, we reversed that conviction on the grounds that appellant should have been permitted to cross-examine Berman as to the prior false rape accusations she was alleged to have made. In so ruling, we held that a criminal accusation against another individual was not a "sexual activity" and therefore questions regarding such accusations were not precluded by the "rape shield" provisions of R.C. 2907.02(D). *Id.* at 11. Considering that appellant's conviction turned substantially on Berman's identification as the party who had raped her, and given that the proclivity of an individual to make false rape accusations is generally considered an imperative category of defense evidence, we held that constitutional guarantees under the Confrontation Clause required that that sort of questioning be permitted. *Id.* at 14–15.[1]

The Ohio Supreme Court disagreed and in *State v. Boggs* (1992), 63 Ohio St.3d 418, 588 N.E.2d 813, our decision was reversed. The court agreed that "[f]alse rape accusations, where no sexual activity is involved, [did] not fall within the rape shield statute." It was determined, however, that such false accusations were "an entirely collateral matter" which could not be shown at trial by resort to extrinsic evidence should the alleged victim deny making them. *Id.* at 422, 588 N.E.2d at 817. The court reasoned that, to allow otherwise, "would immeasurably set back the recent trend towards ensuring that the person on trial is the defendant and not the alleged victim." *Id.* The case was then remanded to the trial court to conduct an *in camera* hearing to determine whether "the prior accusation was based on sexual activity or was totally unfounded." *Id.* at 424, 588 N.E.2d at 818.

---

1. We found our decision on the rape shield issue to be in conflict with the decision of the Third District Court of Appeals in *State v. Hurt* (Mar. 16, 1989), Hancock App. No. 5–87–24, unreported, 1989 WL 22049, and certified the matter to the Ohio Supreme Court for review and final determination.

The matter came on for further consideration before the trial court on May 11, 1992, at which time Berman denied having made any prior rape accusations whatsoever. Appellant was then precluded from offering any evidence that such accusations had, in fact, been made.[2] The court ruled from the bench that there was no reason to "open this case up again in view of the answers given by the alleged victim, Ms. Berman." A judgment to that effect was entered on May 15, 1992, and this appeal followed.

We shall consider the two assignments of error together as they raise a number of interrelated arguments. One of these is that the lower court erroneously excluded the contradictory evidence proffered by appellant at the hearing below. Appellant concludes that such action handicapped and prevented him from even attempting to meet his burden of showing that prior false rape accusations had been made. We agree.

Our interpretation of the *Boggs* decision is that it adopts a two-stage procedure to be employed by the courts in handling allegations of prior false rape accusations. This procedure begins from the premise that "defense counsel inquires of an alleged rape victim as to whether she has made any false prior rape accusations * * *." *Boggs, supra,* 63 Ohio St.3d at 421, 588 N.E.2d at 816. If the victim responds in the negative, then the "trial court would have the discretion to determine whether and to what extent defense counsel can proceed with cross-examination." *Id.* However, if the alleged victim admits on cross-examination that she made prior false rape accusations, then an *in camera* hearing is to be held at which time the court is to determine whether sexual activity was involved. *Id.* at paragraph two of the syllabus. If such activity was involved, then further cross-examination is prohibited by the rape shield provisions of R.C. 2907.02(D). *Id.* If the prior false rape accusation was "totally unfounded," then the trial court has discretion to permit further cross-examination with the *caveat* that Evid.R. 608(B) precludes the introduction of any extrinsic evidence on the issue. *Id.* at 421–422, 588 N.E.2d at 816–817.

This indicates that there are to be two separate and distinct stages of proceedings. The first of these is the trial where counsel inquires as to the allegations of prior false rape accusations. If the alleged victim admits having made the allegations and *if they are determined in camera to be unfounded,* the trial court may permit further cross-examination subject to the prohibitions against extrinsic evidence under Evid.R. 608(B). The second stage of the

---

2. Appellant sought to introduce both the testimony of a Mrs. Wilma Copas that the alleged victim had previously made rape accusations against a Mr. Rick Yazell, and testimony by Yazell, himself, that no rape had ever occurred. Although appellant was prohibited from proffering the actual testimony of these witnesses into the record, defense counsel was permitted to give a brief summary of what that testimony would have been.

proceedings is the *in camera* hearing (out of the presence of the jury) where the trial court is to actually make the determination of whether the prior false rape accusation involved "sexual activity." Although the Supreme Court has ruled that extrinsic evidence of prior false rape accusations is inadmissible during trial, no such ruling was made with respect to the *in camera* hearing. This is consistent with general evidence principles providing that the rules, including Evid.R. 608(B), do not apply to preliminary determinations of evidentiary admissibility. See Evid.R. 101(C) and 104(A); see, also, Giannelli, Ohio Evidence Manual (1987) 31, Section 104.03; Weissenberger, Ohio Evidence (1991 Courtroom Manual) 5. Indeed, it is difficult to imagine how a trial court could even make a fair and well-reasoned factual determination of whether the accusations involved "sexual activity" without considering extrinsic evidence.

The Supreme Court's instructions on remand of this case were as follows:

"In the present case, an *in camera* hearing was held but no inquiry was made as to the nature of the prior accusation, that is, whether the prior accusation was based on sexual activity or was totally unfounded. *Since no testimony concerning the alleged prior false rape accusation was admitted, and none was received during the rape shield hearing conducted before trial, we cannot, on this record, determine whether the evidence offered by the defense was properly excluded* as involving sexual activity and thus protected by the rape shield statute. Moreover, the trial judge must in the first instance determine whether the accused has met his burden of establishing that the victim's prior accusations were clearly unfounded. We therefore remand this case to the trial court to conduct an *in camera* hearing consistent with this opinion to make the necessary determinations." (Emphasis added.) *Id.,* 63 Ohio St.3d at 424, 588 N.E.2d at 818.

The court below was ordered to conduct an *in camera* hearing to determine whether the alleged prior false rape accusations were unfounded. The instructions on remand expressly noted the absence of any evidence of prior false rape accusations from the record and would seem to indicate that such evidence was to be taken. As previously discussed, there is nothing in the *Boggs* decision which prohibits the introduction of extrinsic evidence during the *in camera hearing phase of the proceedings.* A "hearing" usually envisions a proceeding during which any party may present evidence and then argue inferences therefrom. See, *e.g., Seibold v. State* (1970), 287 Ala. 549, 556, 253 So.2d 302, 309; *People v. Ivenditti* (1969), 276 Cal.App.2d 178, 179, 80 Cal.Rptr. 761, 762. For these reasons, we hold that appellant was entitled to introduce extrinsic evidence below in order to carry his burden of showing that the prior false rape accusations were unfounded and did not involve "sexual activity." The lower court erred in prohibiting the introduction of such evidence and the two assignments of error are sustained to that extent.

■ The remainder of appellant's arguments challenge the constitutionality of a rape conviction in which the defendant is prohibited from exploring prior false rape accusations alleged to have been previously made by a rape claimant. These arguments are consistent with our original disposition of this case. In *Boggs, surpa,* unreported, at 14–15, this court held that confrontation rights under the Sixth Amendment to the United States Constitution required that inquiry be allowed in such cases where the conviction depended substantially, if not completely, on testimony by the alleged victim. We also found nothing in Evid.R. 608(B) which would preclude the introduction of impeachment evidence if the alleged victim denied having made the prior rape accusation. *Id.* at Entry Denying Application for Reconsideration. Since our previous decision in this case, other jurisdictions continue to hold, as we did, that prior false accusations of sexual misconduct must be admitted either as an exception to the evidentiary rules, see, *e.g., Efrain v. State* (1991), 107 Nev. 947, 949, 823 P.2d 264, 265, or over any evidentiary rule to protect a criminal defendant's constitutional rights. See, *e.g., United States v. Stamper* (W.D.N.C.1991), 766 F.Supp. 1396, 1400, affirmed (C.A.4, 1992), 959 F.2d 231.

Appellant also cites the case of *Lemmon v. Ohio* (Feb. 19, 1992), N.D. Ohio No. 5:91 CV 0156, unreported, wherein our previous decision in this case was cited, with approval, by a federal magistrate who found that a criminal defendant had been improperly denied an opportunity to explore the alleged victim's past history of making false and unsubstantiated charges of sexual misconduct. The federal district court agreed and vacated the convictions on counts of rape and gross sexual imposition. Habeas corpus relief was granted and the state of Ohio was ordered to either release the individual or give him a new trial. *Id.* That decision was just recently affirmed by the United States Court of Appeals for the Sixth Circuit. See *Lemmon v. Ohio* (C.A.6, 1993), 985 F.2d 560.

However, the Ohio Supreme Court expressly considered the issue and found no violation of appellant's constitutional rights to confrontation because evidence of prior false rape accusations are deemed to be " 'of minimal, if any, probative effect.' " *Boggs, supra,* 63 Ohio St.3d at 422, 588 N.E.2d at 817, citing *State v. DeSantis* (1990), 155 Wis.2d 774, 456 N.W.2d 600. Thus, the court reasoned, such evidence could be excluded in view of the notion that the right to confront witnesses is not absolute and may "bow" to accommodate other interests. *Boggs, supra,* at 422, 588 N.E.2d at 817, citing *Chambers v. Mississippi* (1973), 410 U.S. 284, 93 S.Ct. 1038, 35 L.Ed.2d 297. This demonstrates that the Supreme Court did consider the pertinent constitutional issues and found them unpersuasive.

■ Appellant counterargues that this analysis was not carried into the court's syllabus and, therefore, may be disregarded as mere *dicta.* We are not persuaded. Appellant is correct in his observation that it is the syllabus of a Supreme Court opinion which states the law in Ohio. S.Ct.R.Rep.Op. 1(B); see,

also, *Williamson Heater Co. v. Radich* (1934), 128 Ohio St. 124, 190 N.E. 403, at paragraph one of the syllabus; *Baltimore & Ohio RR. Co. v. Baillie* (1925), 112 Ohio St. 567, 148 N.E. 233, at paragraph two of the syllabus. Where the justice writing an opinion discusses matters or gives expression to views on issues not carried into the syllabus, it is merely the personal opinion of the justice and is *obiter dicta. State ex rel. Donahey v. Edmondson* (1913), 89 Ohio St. 93, 97, 105 N.E. 269, 270. Those observations or opinions are not binding on inferior courts. *Ecker v. Cincinnati* (1936), 52 Ohio App. 422, 426, 5 O.O. 426, 428, 3 N.E.2d 814, 815; *Holm v. Smilowitz* (July 24, 1990), Athens App. No. 1428, unreported, at 9, fn. 6, 1990 WL 105692. The constitutional analysis rendered by the court in the *Boggs* decision was not carried into the syllabus and, therefore, is *dicta.*

Be that as it may, the reality of appellate practice is that this court, and others, frequently rely on Supreme Court *dicta* for resolution of issues. Any court which disregards the Supreme Court's discussion of certain issues merely on the basis that it was not carried into the syllabus would be treading on dangerous and unstable ground. A healthy regard should be maintained for considered *dicta. Dedham Water Co. v. Cumberland Farms Dairy, Inc.* (C.A.1, 1992), 972 F.2d 453, 459; *McCoy v. Massachusetts Inst. of Technology* (C.A.1, 1991), 950 F.2d 13, 19. That being said, we note that the *Boggs* decision was unanimous. The justices all concurred in the opinion as well as in the syllabus. The clear indication from *Boggs* is that the Supreme Court finds no constitutional violation in excluding evidence of prior false rape accusations.

This court is bound by decisions of the Ohio Supreme Court. Any further relief on this issue must be sought in the United States Supreme Court or obtained in federal habeas corpus proceedings initiated pursuant to the *Lemmon* case. The constitutional issues raised in the first and second assignments of error are, accordingly, overruled.

The judgment of the trial court is reversed and the matter is remanded for further proceedings. Appellant is to be allowed to present extrinsic evidence that prior rape accusations were made and that they were false. The court must then determine whether such allegations were made and, if so, whether they were "unfounded" (*i.e.,* did not involve "sexual activity"). If the accusations were unfounded, and did not involve sexual activity, appellant should have been permitted to cross-examine the witness on this issue before the jury and a new trial must be ordered. If the accusations were not unfounded, then cross-examination is precluded by the rape shield statute and the judgment should be reinstated.

*Judgment reversed*
*and cause remanded.*

HARSHA, P.J., and PETER B. ABELE, J., concur.