OPINION
Appellant State of Ohio appeals the decision of the Court of Common Pleas, Licking County, which granted judicial release to Appellee Richard D. Sherman, Sr., who is serving several concurrent felony sentences. The relevant facts leading to this appeal are as follows.
On December 30, 1998, appellant was indicted by the Licking County Grand Jury with four counts of obstructing justice (R.C. 2921.32(A)(4)), four counts of bribery (R.C. 2921.02(C)), and one count of engaging in a pattern of corrupt activity (R.C. 2923.32(A)(1)). Following jury trial, appellant was convicted of all counts. He was sentenced to three years incarceration as to each count of obstruction of justice and bribery, and four years incarceration as to the conviction for engaging in a pattern of corrupt activity, with all sentences to be served concurrently. On direct appeal of the convictions and sentences, this Court affirmed. SeeState v. Sherman (December 23, 1999), Licking App. No. 99CA71, unreported.
On January 14, 2000, appellant filed a postconviction petition. The court conducted an evidentiary hearing on the postconviction petition, wherein appellant presented the testimony of four witnesses, including his wife and sister. Following the hearing, the court dismissed the petition. Sherman appealed therefrom; however, we affirmed the trial court's denial of the postconviction petition on October 30, 2000. SeeState v. Sherman (Oct. 30, 2000), Licking App. No. 00CA39, unreported.
On November 7, 2000, Sherman filed a motion for judicial release. The trial court set the matter for a "non-oral" hearing on December 11, 2000. However, upon Sherman's return from prison, the court conducted an oral hearing on November 29, 2000. At said hearing, the state raised both the issue of Sherman's suitability for judicial release as well as the timeliness of the motion, inter alia. Sherman's counsel thereupon requested a continuance of the hearing, which was granted until December 4, 2000.
On December 4, 2000, Sherman requested permission to withdraw his motion for judicial release. The trial court granted the motion over the state's objection. On that same date, Sherman filed a second motion for judicial release. After another hearing on December 15, 2000, trial court filed a "conditions of supervision" entry on December 20, 2000, ordering that Sherman was sentenced to community control sanctions. The trial court granted the motion for judicial release via a judgment entry filed January 5, 2001.
The state filed a notice of appeal pursuant to R.C. 2953.08(B), and herein raises the following four Assignments of Error:
 I. THE TRIAL COURT COMMITTED ERROR BY GRANTING JUDICIAL RELEASE UPON A SUBSEQUENTLY FILED MOTION AFTER HAVING ALREADY CONDUCTED HEARING ON AN EARLIER MOTION.
 II. THE TRIAL COURT LOST JURISDICTION TO GRANT THE JUDICIAL RELEASE MOTION OF DECEMBER 4, 2000, WHEN IT FAILED TO GRANT IT WITHIN TEN DAYS OF THE HEARING ON SAID MOTION.
 III. THE TRIAL COURT FAILED TO COMPLY WITH R.C. 2929.20(H)(2), IN THAT IT FAILED TO SPECIFY, ON THE RECORD, ALL OTHER FACTORS IN SUPPORT OF THE GRANTING OF THE MOTION FOR JUDICIAL RELEASE.
 IV. THE TRIAL COURT'S DECISION TO OVERRIDE THE PRESUMPTION AGAINST GRANTING THE DEFENDANT JUDICIAL RELEASE IS NOT SUPPORTED BY THE EVIDENCE.
 I.
In its first Assignment of Error, the state argues that the trial court erred by granting appellee judicial release after previously conducting a hearing on an earlier motion for judicial release. We disagree.
Judicial release is governed by R.C. 2929.20. Regarding when a trial court may grant a motion for judicial release, R.C. 2929.20(C) provides, in part:
 (C) Upon receipt of a timely motion for judicial release filed by an eligible offender under division (B) of this section or upon the sentencing court's own motion made within the appropriate time period specified in that division, the court may schedule a hearing on the motion. The court may deny the motion without a hearing but shall not grant the motion without a hearing. If a court denies a motion without a hearing, the court may consider a subsequent judicial release for that eligible offender on its own motion or a subsequent motion filed by that eligible offender. If a court denies a motion after a hearing, the court shall not consider a subsequent motion for that eligible offender. The court shall hold only one hearing for any eligible offender.
 The state argues that a "hearing" occurred on November 29, 2000, as demonstrated by the presentation of an oral argument on that date by appellee's counsel in support of judicial release, and appellee's opportunity to present any evidentiary testimony at that time, which appellee voluntarily declined. Transcript of November 29, 2000, at 3-5. In support, the state cites State v. Boggs (1993), 89 Ohio App.3d 206, which indicates that "[a] 'hearing' usually envisions a proceeding during which any party may present evidence and then argue inferences therefrom." Id. at 211. Thus, contends the state, we need simply look to the final sentence of the above segment of R.C. 2929.20(C) to hold that the decision of January 5, 2001 was based on an impermissible second hearing.
We are unpersuaded by the state's position in this regard. The above text, in its entirety, envisions that the bar to successive judicial release motions arises after the first of such motions is actually denied after a hearing. In other words, the text envisions that a "hearing" must be sealed with a final decision. In the case sub judice, the trial court did not decide to "deny" the first motion for judicial release; instead, it permitted a withdrawal thereof, knowing that appellee's counsel openly declared an "intention to refile a virtually identical motion asking for the same relief * * *." Transcript of December 4, 2000, at 4.
Our view of R.C. 2929.20(C) reflects the apparent dual concern of the General Assembly that the state and convicted defendants have an opportunity for a hearing before a decision granting judicial release, and that the entire process would be protected from repeat litigation. One appellate court has noted: "R.C. 2929.20-(C) contemplates that judicial release will be granted only once from an offender's sentence. If an offender violates the terms of his judicial release and is returned to prison, any subsequent motion for judicial release must be dismissed or denied." State v. Baker (June 5, 2000), Fayette App. No. CA2000-01-002, at 1. Appellee clearly is not in this category, nor does the record in the case sub judice reveal an attempt by appellee to abuse the aforesaid statutory process; he brought with him no previous "denials" of judicial release when he appeared on his second motion.
The trial court did not err in proceeding to a decision on appellee's second motion for judicial release. Appellant's First Assignment of Error is overruled.
 II.
In its Second Assignment of Error, the state argues that the trial court lost jurisdiction on appellee's motion for judicial release by failing to issue a timely ruling. We disagree.
The remainder of R.C. 2929.20(C) reads in pertinent part:
 A hearing under this section shall be conducted in open court within sixty days after the date on which the motion is filed, provided that the court may delay the hearing for a period not to exceed one hundred eighty additional days. If the court holds a hearing on the motion, the court shall enter a ruling on the motion within ten days after the hearing. * * *.
The state argues that the "conditions of supervision" entry of December 20, 2000 does not qualify as a complete judgment entry granting judicial release under R.C. 2929.20; therefore, the trial court's judgment entry filed January 5, 2001 is untimely and thereby invalid. In support, it compares several appellate cases holding that a similar provision in former R.C. 2947.061, which required a court to enter its ruling on a shock probation motion within ten days after the hearing, is jurisdictional and mandatory in nature. See State ex rel Dallman v.Court of Common Pleas (1972), 32 Ohio App.2d 102, 108-109; State v.Delaney (1983), 9 Ohio App.3d 97; State v. Ellington (1987),36 Ohio App.3d 76; State v. Biederman (May 6, 1997), Auglaize App. No. 2-96-32, unreported.
However, the statute at issue in the case sub judice was addressed inState v. Riley (Oct. 31, 2000), Franklin App. No. 00AP-599, unreported. In that case, the Franklin County prosecutor sought to overturn a judicial release on the grounds that the 240-day (sixty plus one-hundred eighty) hearing limit of R.C. 2929.20(C) had been violated. In overruling the prosecutor's argument, the court held: "Since R.C.2929.20(B) allows the court to grant judicial release 'upon its own motion,' the fact that the court fails to hold a hearing within the time limits of R.C. 2929.20(C) does not deprive the court of jurisdiction to grant judicial release." We believe a similar result is warranted in regard to the ten-day limit for rendering a decision after a hearing. A thorough reading of R.C. 2929.20 does not convince us that the General Assembly intended the effectuating language of subdivision (C) to be jurisdictionally mandatory, as opposed to merely directory. Cf. Statev. Deckard (June 19, 2000), Stark App. No. 1999CA00276, at 3, citingState ex rel. Turrin v. Tuscarawas Cty. Court (1966), 5 Ohio St.2d 194.
Appellant's Second Assignment of Error is overruled.
 III.
In its Third Assignment of Error, the state argues that the trial court erred in failing to cite the requisite factors for judicial release, as per R.C. 2929.20(H). We agree.
The requirement of findings, per R.C. 2929.20(H), reads as follows:
 (H)(1) A court shall not grant a judicial release under this section to an eligible offender who is imprisoned for a felony of the first or second degree, or to an eligible offender who committed an offense contained in Chapter 2925. or 3719. of the Revised Code and for whom there was a presumption under section 2929.13 of the Revised Code in favor of a prison term, unless the court, with reference to factors under section 2929.12 of the Revised Code, finds both of the following:
 (a) That a sanction other than a prison term would adequately punish the offender and protect the public from future criminal violations by the eligible offender because the applicable factors indicating a lesser likelihood of recidivism outweigh the applicable factors indicating a greater likelihood of recidivism;
 (b) That a sanction other than a prison term would not demean the seriousness of the offense because factors indicating that the eligible offender's conduct in committing the offense was less serious than conduct normally constituting the offense outweigh factors indicating that the eligible offender's conduct was more serious than conduct normally constituting the offense.
 (2) A court that grants a judicial release to an eligible offender under division (H)(1) of this section shall specify on the record both findings required in that division and also shall list all the factors described in that division that were presented at the hearing.
The trial court's judgment entry of January 5, 2001, makes the following findings:
 After due consideration of the record, any oral or written statements prepared, as well as the principles and purposes of sentencing under R.C. 2929.11, and the seriousness and recidivism factors under R.C. 2929.12, the Court finds that the defendant is eligible for Judicial Release, not now being subject to a mandatory prison term, and further finds all of the following:
 o That a non-prison sanction does not demean the seriousness of the offense;
 o That a non-prison sanction will adequately punish the defendant and protect the public;
 o That factors decreasing seriousness outweigh those increasing seriousness;
o That there is less likelihood of the recidivism.
 * * *
The state concedes in its brief that the trial court sufficiently complied with R.C. 2929.20(H)(1), but that it failed to "list all the factors described in that division [(H)(1)] that were presented at the hearing," per R.C. 2929.20(H)(2). In State v. Moon (May 3, 2000), Lorain App. No. 98AP007201, unreported, the Ninth District Court of Appeals accepted the state's contention " * * * that the statute requires the court to specify on the record both statutory findings [in (H)(1)], supported by reference to the factors listed in R.C. 2929.12 that are pertinent to the instant case." Id. at 3.
The judgment entry in the case sub judice does not state which R.C.2929.12 factors the trial court assessed. A review of the hearing transcript reveals that the closest reference by the court to said factors is the judge's conclusion that "I think punishment is — has been appropriate." Transcript, December 15, 2000, at 15. We therefore find merit in the state's position that sufficient compliance with R.C.2929.20(H)(2) was not present.
Appellant's Third Assignment of Error is well-taken. Pursuant to R.C.2953.08(G)(1), we remand this matter to the sentencing court with instructions to state, on the record, the required factors and findings.
 IV.
In its Fourth Assignment of Error, the state argues that the grant of judicial release to appellee is not supported by the evidence. Based on our holding under appellant's Third Assignment of Error, we find this issue premature for review.
Therefore, we decline to review appellant's Fourth Assignment of Error.
For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Licking County, Ohio, is hereby affirmed in part and reversed in part. We remand this matter to the sentencing court to enter statutory factors, as per our holding in appellant's Third Assignment of Error.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Licking County, Ohio, is affirmed in part, reversed in part and remanded for further proceedings consistent with this opinion.
Costs to be split equally between appellant and appellee.
 ______________________ By: Wise, J.
Edwards, P. J., and Boggins, J., concur.