OPINION
Defendant, Keith Finley, appeals from his conviction and sentence on two counts of assaulting a police officer, R.C. 2903.13(A), which were entered on pleas of guilty Defendant offered in exchange for the State's dismissal of another count charging the same offense. The court subsequently imposed consecutive sentences of the twelve months incarceration for one conviction and five years community control for the other. Defendant presents a single assignment of error on appeal.
 "THE TRIAL COURT COMMITTED ABUSE OF DISCRETION WHEN IT DENIED APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEA PRIOR TO THE COURT RENDERING ITS SENTENCING JUDGMENT."
Defendant's written guilty plea petition indicated that he was then taking two prescription drugs. The court inquired what they were. Defense counsel responded that Defendant indicated to him that the drugs had no effect on Defendant's capacity to understand the plea proceedings.
After the prosecutor recited the facts involved in Defendant's two offenses, the court asked Defendant if that was what had happened. Defendant replied, "Not really. That ain't what happened. Yeah. Okay. That's what happened." (T. 8). The trial court then accepted his guilty pleas, entered judgment of conviction, and ordered a presentence investigation.
At the later sentencing hearing, and before the court imposed its sentences, Defendant moved to withdraw his guilty pleas. He stated that when the pleas were entered he was taking six hundred grams of Nuratan three times each day, and three hundred grams of Elavil once per day. Defendant said that the effects of these medications rendered him unable to understand the plea proceedings. Defendant insisted that he had not engaged in the conduct alleged.
The court apparently had made both counsel aware of the sentences it intended to impose before the sentencing hearing commenced. The State suggested that knowledge of the court's intentions caused Defendant to move to withdraw his pleas. However, defense counsel represented that Defendant told counsel that he wished to withdraw his guilty pleas even before counsel made him aware of the sentence the court intended to impose.
The court inquired of counsel concerning his representation at the plea proceeding that the medications Defendant was taking had not affected Defendant's capacity to knowingly and intelligently enter the two guilty pleas. Counsel said that had been his impression, but he was then unaware of the amount of medication Defendant was taking or its effect on him. Counsel asked the court to continue the proceedings to allow him to investigate those matters.
The State argued against Defendant's contention, pointing out that the record of the plea proceeding demonstrated that the court fully complied with Crim.R. 11 when it accepted Defendant's guilty pleas, and that there was no indication in the record of the plea proceeding that Defendant did not understand what he was then doing.
The court rejected Defendant's request to withdraw his guilty pleas, stating:
 "Okay. The Court will find from the status of the record that the plea was voluntary and informed at the time of the taking of the plea and that any dissatisfaction with the plea was not made known to the Court until after the Court had already provided the paperwork to the Defense Counsel and told Defense Counsel what the disposition would probably be, and based on the case law and the Court's understanding of that, and with the addition that the Court feels there is no need to further investigate concerning the drugs because the plea, from the record, was voluntary. Based upon that, the motion to withdraw the plea is overruled." (T. 10).
Crim.R. 32.1 governs motions to withdraw pleas of guilty and no contest. It states:
 "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."
Addressing the standards controlling the court's ruling on a Crim.R. 32.1 motion made before sentence is imposed, the Supreme Court has held:
 "1. A defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea.
 "2. The decision to grant or deny a presentence motion to withdraw a guilty plea is within the sound discretion of the trial court." State v. Xie (1992), 62 Ohio St.3d 521, Syllabus by the Court.
A reasonable and legitimate basis to withdraw a guilty plea involves more than mere second thoughts or a "change of heart." Indeed, a legally sufficient Crim.R. 11(C) colloquy when the plea was accepted usually renders motions made on that basis irrelevant to the issue presented, which is whether some "fair and just" reason to withdraw the plea has been presented. United States v. Thompson (1982), 680 F.2d 1145, cert. den. 459 U.S. 1108. Such a reason will almost always involve factual grounds that present issues which the court can resolve only after a hearing. Xie. A hearing comprehends some orderly procedure during which a party may present evidence and argue inferences therefrom. State v. Boggs
(1993), 89 Ohio App.3d 206; Randolph v. First Baptist Church of Lockland
(1954), 53 O.O. 288, 68 Ohio Law Abs. 100.
Defendant Finley's motion presented a factual issue; whether the kind and quantity of prescription drugs he consumed had impaired his capacity to enter a plea knowingly, intelligently, and voluntarily. That is more than mere second thoughts or a change of heart. Further, if those claims are true, they are not refuted by a Crim.R. 11(C) colloquy, even one properly conducted, because Defendant's responses in the colloquy may have been affected by the drugs he was then taking.
The trial court denied Defendant's motion on a finding that his "dissatisfaction with the plea was not made known to the court until after the court had already provided the paperwork to Defense Counsel and told Defense Counsel what the disposition would probably be." The court was correct in noting that if Defendant was aware of the sentence, then the more stringent post-sentence "manifest injustice" standard of Crim.R. 32.1 applies. See State v. Davis (Jan. 5, 2001), Montgomery App. No. 18172, (Grady, J., concurring). However, the defendant must actually know of the proposed sentence. The mere fact that the court made his attorney aware of it does not support an inference that the defendant also was aware of it.
The court's decision did not resolve the grounds on which Defendant's motion was based, which was that his capacity to know and understand what he was doing when he entered the pleas was affected by the kind and quantity of drugs he was taking. That claim presents factual issues that cannot be resolved against the Defendant solely on account of his counsel's representations to the contrary when the pleas were entered. However, those representations may be weighed against evidence the Defendant presents in support of his contentions in a hearing on the motion. Defense counsel's request for a continuance in order to investigate whether evidence existed to support Defendant's claim was reasonable, and the trial court abused its discretion when it denied that request.
The trial court erred when it failed to conduct a hearing on Defendant's motion to withdraw his guilty pleas. The assignment of error is sustained. Defendant's convictions will be vacated, and the case will be remanded for a hearing on his motion.
BROGAN, J. and YOUNG, J., concur.