OPINION
{¶ 1} Appellant Michael R. Moon appeals his conviction andsentence for rape in the Court of Common Pleas, Stark County. TheAppellee is the State of Ohio. The relevant facts leading to thisappeal are as follows.
 {¶ 2} In February 2001, a counselor in the Plain Local SchoolDistrict contacted the Stark County DJFS child protective unit concerningsexual abuse allegations made by a minor female student (hereinafter"girl victim"), who was at that time appellant's neighbor. Upon furtherinvestigation, the girl victim told a Stark County sheriff deputy thatappellant had rubbed her genital area and digitally penetrated hervagina, and that these incidents had occurred "many times." On February7, 2001, another deputy interviewed appellant at the Stark CountySheriff's Office, where appellant voluntarily appeared after beingcontacted by telephone. Following further investigation, a secretindictment was issued against appellant on August 31, 2001, charging himwith two counts of rape (F1) and two counts of gross sexual imposition(F3).
 {¶ 3} On October 4, 2001, appellant's trial counsel filed a motionseeking an order to allow cross-examination of the girl victim aboutsexual abuse allegations she had purportedly made against two other men,whom she referred to as her "uncles." Appellant's counsel also soughtpermission to elicit testimony from these two men. The trial courtconducted a hearing on October 10, 2001. The assistant prosecutor andappellant's trial counsel presented their arguments pertaining to themotion, although the girl victim did not testify at that time. The courtthereafter issued a judgment entry overruling appellant's motion on thebasis of R.C. 2907.02(D), one of Ohio's "rape shield" provisions. A jurytrial was conducted from January 15 to January 17, 2002. The victim hadbeen found competent to testify and took the stand on behalf of theprosecution. Appellant was ultimately found guilty on all counts. He wasthereupon sentenced to eight years on each rape count, and three years oneach gross sexual imposition count, with all terms to be servedconsecutively. Appellant was also classified as a sexually orientedoffender.
 {¶ 4} Appellant timely appealed[1] and herein raises thefollowing sole Assignment of Error:
 {¶ 5} "I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT RULED THAT THE APPELLANT'S TRIAL ATTORNEY COULD NOT ASK THE VICTIM IN THIS CASE ABOUT ALLEGATIONS OF SEXUAL ABUSE SHE HAD MADE AGAINST TWO OTHER MEN."
 I. {¶ 6} In his sole Assignment of Error, appellant contends thetrial court erred in denying him the opportunity to question the girlvictim concerning alleged sexual abuse accusations against two otherindividuals made previous to the charges against appellant. We disagree.
 {¶ 7} R.C. 2907.02(D) and (E), part of Ohio's "rape shield" laws,read as follows:
 "(D) Evidence of specific instances of the defendant's sexual activity, opinion evidence of the defendant's sexual activity, and reputation evidence of the defendant's sexual activity shall not be admitted under this section unless it involves evidence of the origin of semen, pregnancy, or disease, the defendant's past sexual activity with the victim, or is admissible against the defendant under section 2945.59 of the Revised Code, and only to the extent that the court finds that the evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value.
 {¶ 8} (E) Prior to taking testimony or receiving evidence of any sexual activity of the victim or the defendant in a proceeding under this section, the court shall resolve the admissibility of the proposed evidence in a hearing in chambers, which shall be held at or before preliminary hearing and not less than three days before trial, or for good cause shown during the trial."
 In support of his assigned error, appellant cites State v. Boggs(1992), 63 Ohio St.3d 418, 588 N.E.2d 813, and State v. Boggs (1993),89 Ohio App.3d 206, 624 N.E.2d 204. Both cases stem from criminalproceedings wherein the defendant, Roger Boggs, was charged with raping,kidnapping, and assaulting a female victim. In the 1992 Ohio SupremeCourt decision, the following was held at paragraph two of the syllabus:"Where an alleged rape victim admits on cross-examination that she hasmade a prior false rape accusation, the trial judge shall conduct an incamera hearing to ascertain whether sexual activity was involved and, asa result, cross-examination on the accusation would be prohibited byR.C. 2907.02(D), or whether the accusation was totally unfounded andtherefore could be inquired into pursuant to Evid.R. 608(B)." Because theoriginal Boggs trial court had failed to include, in its in camerahearing, an inquiry as to whether the victim's prior accusation was basedon sexual activity (see R.C. 2907.02(D), supra), or was totallyunfounded, the Ohio Supreme Court remanded the case. Id. at 423,588 N.E.2d 818. However, on remand, the Adams County Court of CommonPleas, after hearing the victim deny having made any prior rapeaccusations at all, found no reason to reopen the matter, resulting inre-imposition of sentence and a second appeal by defendant Boggs. TheAdams County Court of Appeals thereupon held, inter alia, that during thein camera hearing, extrinsic evidence of prior false rape accusationsshould have been allowed, as Evid.R. 608(B) would not apply in apreliminary admissibility hearing. See State v. Boggs (1993),89 Ohio App.3d 206, 210.
 {¶ 9} As is evident from the aforecited Ohio Supreme Courtsyllabus, Boggs requires an in-camera hearing where a victim admits oncross-exam to making prior false rape accusations. In contrast, in thecase sub judice, prior to reaching such a point, the trial courtconducted a hearing on appellant's "motion to offer evidence of thealleged victim's past sexual behavior" to consider the R.C. 2907.02(D)issue. However, our reading of both appellant's motion and the transcriptof the hearing thereon reveals that the weight of appellant's trialcounsel's arguments centered on the victim's alleged misidentification ofher rapist, which in turn was premised on her accusations against her"uncles" actually being true. For example, appellant's motion states that"* * * [t]he purpose of the evidence that the complaining witness hadactually been abused by someone other than the accused during therelevant time period is directly related to her mistaken identificationof Mr. Moon." (Emphasis added). It is worth noting that Boggs ismentioned in appellant's motion just once, and only in support ofallowing into evidence the victim's psychiatric history as "non-sexualactivity" outside the scope of rape shield protection. Likewise, thetranscript includes the following colloquy between the court and defensecounsel:
 "THE COURT: Very good. I understand what each one of you are saying I believe. Mr. Pitinii seems to be saying that he wants to view these materials and for purposes of this discussion, let's talk about the statements that the victim made in regard to the other individuals to see if she is confused as to who her alleged attacker was and/or to show that someone else actually committed the crime rather than Mr. Moon.
 {¶ 10} Is that a fair characterization of some of your argument?"
 {¶ 11} "DEFENSE COUNSEL: That's a fair characterization of some, but again my defense is that now, but it could change at trial." Tr. at 26-27.
 {¶ 12} In addition, shortly after the girl victim left the stand,defense counsel emphasized in a sidebar that "* * * no less than two ofthe specific instances which I asked her, those two instances were thingsin which she told the police other people did to her. Now, she's claimingMichael Moon did them to her." Tr., Vol. 3, at 64.
 {¶ 13} In light of the foregoing circumstances and the remainderof the pertinent record, we find that appellant's primary trial strategyregarding the victim's sexual history was to seek to demonstratemisidentification of her assailant, and that defense counsel effectivelyabandoned his attempt to impeach the victim's credibility by showingprior false accusations of rape. We therefore hold that appellant haswaived any claimed error in this regard, as well as his attemptedreliance on Boggs, by abandoning his "false accusation" defense theoryduring the proceedings below. Cf. State v. Britton (Oct. 6, 1994),Cuyahoga App. No. 66177, citing State v. Awan (1986), 22 Ohio St.3d 120,489 N.E.2d 277.
 Appellant's sole Assignment of Error is overruled.
 {¶ 14} For the reasons stated in the foregoing opinion, thejudgment of the Court of Common Pleas, Stark County, Ohio, is herebyaffirmed.
Judgment affirmed.
Hoffman, P.J., and Edwards, J., concur.
Topic: Rape Shield.
[1] Appellant died subsequent to the filing of the notice of appeal. However, we have proceeded on this appeal pursuant to the procedures outlined in App.R. 29(A).