[Cite as *State v. McKinney*, 2013-Ohio-5394.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                  :

     Plaintiff-Appellee,              :

                                         No. 13AP-211

v.                                             :        (C.P.C. No. 11CR-6607)

Danny L. McKinney,                             :        (REGULAR CALENDAR)

     Defendant-Appellant.             :

---

D E C I S I O N

Rendered on December 10, 2013

---

*Ron O'Brien*, Prosecuting Attorney, and *Laura R. Swisher*, for appellee.

*R. William Meeks Co., LPA,* and *David H. Thomas*, for appellant.

---

APPEAL from the Franklin County Court of Common Pleas

O'GRADY, J.

{¶ 1} Defendant-appellant, Danny L. McKinney, appeals from a judgment of the Franklin County Court of Common Pleas convicting him of gross sexual imposition. For the following reasons, we affirm appellant's conviction.

## I. FACTUAL AND PROCEDURAL HISTORY

{¶ 2} On December 20, 2011, appellant was indicted on four counts of rape, in violation of R.C. 2907.02, one count of gross sexual imposition, in violation of R.C. 2907.05, and one count of disseminating matter harmful to juveniles, in violation of R.C. 2907.31. The charges stemmed from events that purportedly happened when the victim, S.K., was five to six years old.

{¶ 3}   The jury ultimately found appellant guilty of gross sexual imposition and not guilty of the remaining charges.  The trial court sentenced him to four years in prison and notified appellant of his classification as a Tier II sex offender.

## II. ASSIGNMENTS OF ERROR

{¶ 4}   On appeal, appellant presents this court with three assignments of error for review.

> Assignment of Error No. 1: The trial court abused its discretion and erred in overruling Appellant's motion for mistrial and permitting the prosecuting witness to testify via closed circuit television in absence of a timely motion, thereby violating § 2945.481 of the Ohio Revised Code and Appellant's right to a fair trial, right to due process of law, and right to confront witnesses against him, as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and comparable provisions of the Ohio Constitution.

> Assignment of Error No. 2: The trial court abused its discretion and erred in overruling Appellant's motion in limine and hearsay objection to the video recording of [S.K.] being interviewed by Jennifer Westgate being shown to the jury, thereby violating the evidentiary rules on hearsay and Appellant's right to a fair trial, right to due process of law, and right to confront witnesses against him, as guaranteed by the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution, and comparable provisions of the Ohio Constitution.

> Assignment of Error No. 3: The trial court abused its discretion and erred in suppressing impeachment evidence showing that the alleged victim had made prior false accusations of rape and thereby violated § 2907.02 of the Ohio Revised Code and Federal Rule of Evidence 608(B) and Appellant's right to a fair trial, right to confront witnesses against him, as guaranteed by the Sixth and Fourteenth Amendments to the United Sates Constitution, and comparable provisions of the Ohio Constitution.

## III. DISCUSSION

{¶ 5}   In his first assignment of error, appellant contends the trial court erred by permitting S.K. to testify via closed-circuit television in the absence of a timely motion, in violation of R.C. 2945.481, and by overruling his motion for a mistrial.  We disagree.

{¶ 6}   Initially, appellant complains the prosecution failed to file a motion for S.K. to testify via closed-circuit television at least seven days prior to trial as required by R.C. 2945.481(C), and the prosecution failed to show good cause for the belated motion. Appellant also contends the trial court failed to inquire into the validity of the prosecution's excuse for the delay and make an explicit finding of good cause.  Because appellant did not object on these grounds at the trial level, he has forfeited all but plain-error review.  *See* Crim.R. 52(B).  Under Crim.R. 52(B), "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."  For an error to be "plain" within the meaning of Crim.R. 52(B), it " 'must be an "obvious" defect in the trial proceedings.' "  *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 16, quoting *State v. Barnes*, 94 Ohio St.3d 21, 27 (2002).  To affect the defendant's substantial rights, the error must have " 'affected the outcome of the trial.' " *Id.*, quoting *Barnes* at 27.  A reviewing court notices plain error " 'with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice.' " *Barnes* at 27, quoting *State v. Long*, 53 Ohio St.2d 91 (1978), paragraph three of the syllabus.  "The burden of demonstrating plain error is on the party asserting it."  *Payne* at ¶ 17.

{¶ 7}   R.C. 2945.481(C) provides:

> In any proceeding in the prosecution of any charge of a violation listed in division (A)(2) of this section * * * the prosecution may file a motion with the judge requesting the judge to order the testimony of the child victim to be taken in a room other than the room in which the proceeding is being conducted and be televised, by closed circuit equipment, into the room in which the proceeding is being conducted to be viewed by the jury, if applicable, the defendant, and any other persons who are not permitted in the room in which the testimony is to be taken but who would have been present during the testimony of the child victim had it been given in the room in which the proceeding is being conducted. Except for good cause shown, the prosecution shall file a motion

under this division at least seven days before the date of the proceeding.

{¶ 8} This proceeding involved the prosecution of charges listed in R.C. 2945.481(A)(2). The parties agree, and the record confirms, the prosecution did not file a motion for closed-circuit testimony at least seven days before trial. Instead, the prosecution made the motion at a hearing outside the jury's presence after S.K. expressed a desire to stop testifying during direct examination. The prosecution argued the state had good cause for the motion, explaining:

> I recognize that we did not file this motion within seven days of trial. This was not an issue that we had anticipated. We had met with [S.K.] multiple times prior to this. She's seen the courtroom. She had been in the courtroom. She was with us back in chambers or back in the conference room and there were no -- there was no way of knowing that this would be the reaction.

(Tr. 102-03.)

{¶ 9} Appellant argues that the prosecution made "conflicting statements" that show "their violation of procedure was due to their own lack of foresight and preparation." (Appellant's brief, at 13.) We disagree with this characterization. The statements merely imply on the multiple occasions when the prosecution met with S.K. she exhibited no behavior that led the prosecution to believe she would have difficulty testifying in open court.

{¶ 10} Appellant is correct the trial court did not conduct further inquiry into the "good cause" issue and did not explicitly enter a "good cause" finding on the record. The record contains a reasonable explanation for the belated motion, and we see no reason for the trial court to disbelieve or make further inquiry into that explanation, particularly when defense counsel did not. Thus, appellant has failed to demonstrate the trial court erred when it permitted closed-circuit television testimony in the "absence of a timely motion." (Appellant's brief, at v.)

{¶ 11} Next, appellant makes several arguments under his first assignment of error that are not pertinent to the assigned error. Under App.R. 12(A)(1)(b), an appellate court must "[d]etermine the appeal on its merits on the assignments of error set forth in the

briefs under App.R. 16." "Thus, this court rules on assignments of error only, and will not address mere arguments." *Ellinger v. Ho*, 10th Dist. No. 08AP-1079, 2010-Ohio-553, ¶ 70. Namely, appellant contends the trial court failed to make certain findings regarding the necessity of closed-circuit television testimony under R.C. 2945.481(E) and United States Supreme Court precedent and argues the record would not support such findings in any event. He also complains the trial court violated R.C. 2945.481(C) because it did not ensure S.K. could see appellant while she testified via closed-circuit television. However, the first assignment of error only challenges the timeliness of the prosecution's motion and the denial of a motion for mistrial. Accordingly, we address appellant's assignment of error as written and disregard his extraneous arguments. *Bonn v. Bonn*, 10th Dist. No. 12AP-1047, 2013-Ohio-2313, ¶ 9.

{¶ 12} Next, we address appellant's claim the trial court erred when it denied his motion for a mistrial. " 'A mistrial should not be ordered in a criminal case merely because some error or irregularity has intervened, unless the substantial rights of the accused or the prosecution are adversely affected.' " *State v. Walburg*, 10th Dist. No. 10AP-1087, 2011-Ohio-4762, ¶ 52, quoting *State v. Reynolds*, 49 Ohio App.3d 27, 33 (2d Dist.1988). The trial court should only grant a mistrial "when a fair trial is no longer possible." *State v. Moore*, 10th Dist. No. 11AP-1116, 2013-Ohio-3365, ¶ 47, citing *State v. Franklin*, 62 Ohio St.3d 118, 127 (1991). Our review of a decision on a motion for mistrial defers to the trial court's judgment because it is in the best position to determine whether the circumstances warrant declaration of a mistrial. *State v. Glover*, 35 Ohio St.3d 18, 19 (1988). We thus review the trial court's decision for an abuse of discretion. *Columbus v. Aleshire*, 187 Ohio App.3d 660, 2010-Ohio-2773, ¶ 42 (10th Dist.), citing *State v. Sage*, 31 Ohio St.3d 173, 182 (1987). An abuse of discretion exists when the trial court has an unreasonable, arbitrary or unconscionable attitude in reaching its decision. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 13} After the prosecution explained why it had good cause for the belated motion to have S.K. testify via closed-circuit television, defense counsel argued appellant might suffer "insurmountable" prejudice if the court granted the motion because "he's clearly going to be identified as the problem to the jury." (Tr. 103.) In other words, the

jury would infer S.K. left the courtroom because appellant was guilty, and his presence in the courtroom upset her.  Counsel requested a mistrial on this basis.

{¶ 14} The trial court overruled the motion and found a limiting instruction was sufficient to cure any potential for prejudice.  The judge explained the closed-circuit process to the jury and gave the following instruction:

> Now, I'm going to caution you that you are not to interpret what we're doing or the way that this has come about, taking the testimony in this way.  You are not to interpret this in any way whatsoever either for or against the witness or for or against the Defendant.  What we're doing here is expressly set forth in Ohio law and it is taken to expressly preserve and protect everyone's rights.  So you would determine, you are to determine the credibility of the witness just as you would the credibility of any other witness and you are not in any way whatsoever to make any inference as to the Defendant or as to the State of Ohio.

(Tr. 121.)  Then the court asked the jurors whether any of them felt they could not comply with this instruction, and the jurors all responded "No."  (Tr. 122.)

{¶ 15} We presume a jury follows the instructions of the court, so we presume the jurors followed the court's limiting instruction.  *State v. Shipley*, 10th Dist. No. 12AP-948, 2013-Ohio-4055, ¶ 62.  Appellant's mere belief that the risk of prejudice was too high for an instruction to negate it is not sufficient to overcome this presumption.  The fact the jury found appellant not guilty on four of the five charges suggests it followed the court's instructions and did not simply infer appellant was guilty because of the switch to closed-circuit television.  Thus, we find the trial court's decision to deny the motion for mistrial based on prejudice to appellant was not unreasonable, arbitrary or unconscionable.

{¶ 16} Appellant suggests the trial court abused its discretion because it denied the motion for a mistrial even though the prosecution did not move for closed-circuit testimony at least seven days before trial and lacked good cause for the belated motion.  But appellant never moved for a mistrial based on the "good cause" issue and does not assign as error the court's failure to sua sponte grant a mistrial for this reason.  Again, we rule on "assignments of error only, and will not address mere arguments."  *Ellinger* at ¶ 70.  And, in any event, we already determined the record supports the court's implicit

finding that the state had good cause for the belated motion.  Thus, we overrule the first assigned error.

{¶ 17}  In his second assignment of error, appellant asserts the trial court abused its discretion and erred when it overruled his motion in limine and hearsay objection to the prosecution playing a recording of an interview of S.K. for the jury, in violation of evidentiary rules and his constitutional rights.

{¶ 18}  Ordinarily, we review a trial court's decision regarding the admission of evidence for an abuse of discretion.  *State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, ¶ 62.  Thus, our inquiry is limited to determining whether the trial court acted unreasonably, arbitrarily or unconscionably in deciding the evidentiary issue.  *Id.*

{¶ 19}  Jennifer Westgate, a medical forensic interviewer at Nationwide Children's Hospital, conducted a recorded interview of S.K.  In a motion in limine, appellant generally argued that the entire interview constituted inadmissible hearsay and that, if played for the jury, it would violate his Sixth Amendment Confrontation Clause rights.  In its response, the state argued the exception to the hearsay rule in Evid.R. 803(4) on statements for purposes of medical diagnosis or treatment applied, and the Confrontation Clause did not bar the statements.  Presumably, the trial court agreed with the state's position because it denied the motion in limine.  Appellant renewed his objection to the interview before the prosecution played it for the jury.

{¶ 20}  On appeal, appellant argues for the first time that the state could not play the recording for the jury because S.K. was available and, in fact, testified at trial.  Because appellant did not object at the trial level on these grounds, he has again forfeited all but plain-error review.  *See* Crim.R. 52(B).  Appellant attempts to analogize this case to our decision in *State v. Presley*, 10th Dist. No. 02AP-1354, 2003-Ohio-6069.  In *Presley*, we reversed the trial court's decision to permit the state to introduce evidence of a diagram the victim drew and statements she made about it to a detective with the Columbus Police Department.  In reaching this decision, we stated: "In general, although 'some hearsay statements are admissible in criminal proceedings,' such statements are admissible only when, 'after a good faith effort by the prosecution to produce her, the declarant is unavailable to testify.' "  *Presley* at ¶ 24, quoting *State v. Self*, 56 Ohio St.3d 73, 81-82 (1990).

{¶ 21} Appellant's reliance on *Presley* is misplaced. Unlike in our case, the victim's statements in *Presley* were not offered for purposes of medical diagnosis or treatment. The availability of the declarant is immaterial under this hearsay exception. Evid.R. 803(4); *State v. Dever*, 64 Ohio St.3d 401, 414 (1992). In addition, "[t]he admission of hearsay does not violate the Confrontation Clause if the declarant testifies at trial." *State v. Powell*, 132 Ohio St.3d 233, 2012-Ohio-2577, ¶ 64, citing *California v. Green*, 399 U.S. 149, 155 (1970), and *State v. Keenan*, 81 Ohio St.3d 133, 142 (1998). And, because S.K. testified at trial and was subject to cross-examination, the Confrontation Clause did not bar admission of her statements to Westgate.

{¶ 22} Next, appellant challenges certain exchanges from S.K.'s interview. Appellant argues they served an investigative, rather than a medical, purpose. He did not make a specific challenge to these statements at the trial level; again, he attacked the interview as a whole. Regardless, to the extent appellant's argument implicates the Confrontation Clause, we already determined that clause did not bar admission of any of S.K.'s interview statements.

{¶ 23} To the extent appellant's challenges implicate Evid.R. 803(4), which appellant never cites, his argument likewise fails. Several of the specific exchanges appellant references, such as S.K.'s claim that appellant told her to keep his conduct secret, were cumulative of other, properly admitted testimony. Thus, to the extent those exchanges were potentially not for medical diagnosis or treatment and admissible under Evid.R. 803(4), we find any error in their admission harmless. *In re C.S.*, 10th Dist. No. 11AP-667, 2012-Ohio-2988, ¶ 21. Statements S.K. made about viewing pornography, in addition to being cumulative of other evidence, also appear to have not impacted the jury as it found appellant not guilty of disseminating matter harmful to a juvenile. Accordingly, we overrule the second assignment of error.

{¶ 24} Finally, in his third assignment of error, appellant contends the trial court "abused its discretion and erred in suppressing impeachment evidence showing that the alleged victim had made prior false accusations of rape," in violation of R.C. 2907.02, Evid.R. 608(B), and various constitutional rights. (Appellant's brief, at v.) However, in his argument, appellant does not elaborate on his constitutional claims. Therefore, we only address appellant's evidentiary and statutory argument.

{¶ 25} "Preliminary questions concerning * * * the admissibility of evidence shall be determined by the court * * *. In making its determination it is not bound by the rules of evidence except those with respect to privileges." Evid.R. 104(A). We review a court's ruling on the admissibility of evidence for an abuse of discretion. *State v. Myers*, 153 Ohio App.3d 547, 2003-Ohio-4135, ¶ 64 (10th Dist.).

{¶ 26} Appellant filed a pre-trial motion claiming the victim had made "several allegations of false sexual activity that have been found to be totally unfounded." (R. 55.) Counsel requested a hearing under R.C. 2907.02 and *State v. Boggs*, 63 Ohio St.3d 418 (1992), to resolve the admissibility of evidence related to these accusations. Before trial began, defense counsel told the court:

> Through the course of my investigation I've learned that the alleged victim in this case has also made accusations, prior accusations that her uncle, her paternal uncle [E.K.], had inappropriately touched her. And part of that accusation is evidenced in the interview of the detective of the mother and father of the alleged victim by the detective.

(Tr. 22.)

{¶ 27} In response, the prosecutor stated:

> I believe what [defense counsel] is referring to is the child at age of three may have said something to mom about somebody else touching her. Nothing was ever done. There was no investigation. There was nothing. And that's not a prior false allegation. Nothing was looked into. So we don't even have an allegation really to even look into at this point.

(Tr. 24-25.)

{¶ 28} Later, defense counsel admitted the only thing S.K.'s father said that prompted the false-allegations argument was a statement that, "Children Services were called twice against me regarding my brother from them." (Tr. 26.) The prosecutor later stated the father said someone made an anonymous call to Children Services saying his brother had touched S.K. Then, defense counsel claimed S.K.'s mother "admitted to other witnesses that her daughter did make the allegation against [E.K.] and that she lied about it." (Tr. 29.) The court did not permit counsel to question the victim or her parents about any false allegations the victim made in camera or at trial.

{¶ 29} On appeal, appellant contends "[t]he Ohio Supreme Court has held that an in camera hearing is required to determine whether an alleged rape victim may be cross-examined on prior false accusations of rape. *State v. Boggs*, 63 Ohio St.3d 418 (1992)." (Appellant's brief, at 30.)  He argues the trial court must first "determine if there were prior false accusations that can be used for impeachment purposes on cross-examination."  (Appellant's brief, at 31.)  He complains that, "[d]espite the mandatory requirement for an in camera hearing, the trial court judge overruled defense counsel's motion in limine and excluded the prior false accusation's [sic] of [S.K.] without having an in camera hearing of any of the witnesses aware of the false accusations, including [S.K.] herself." (Appellant's brief, at 31-32.)  Appellant suggests *Boggs* and R.C. 2907.02 require the court to hear such testimony.  Appellant argues the trial court improperly found S.K. incompetent to testify about "her prior false accusations of rape" due to her age when they occurred without asking her a single question about them.  (Appellant's brief, at 32.)  He also complains the trial court violated Evid.R. 608(B) when it refused to let him ask S.K.'s parents about their knowledge of the accusations in camera or at trial.

{¶ 30} R.C. 2907.02 provides:

> (D) Evidence of specific instances of the victim's sexual activity, opinion evidence of the victim's sexual activity, and reputation evidence of the victim's sexual activity shall not be admitted under this section unless it involves evidence of the origin of semen, pregnancy, or disease, or the victim's past sexual activity with the offender, and only to the extent that the court finds that the evidence is material to a fact at issue in the case and that its inflammatory or prejudicial nature does not outweigh its probative value.
>
> * * *
>
> (E) Prior to taking testimony or receiving evidence of any sexual activity of the victim or the defendant in a proceeding under this section, the court shall resolve the admissibility of the proposed evidence in a hearing in chambers, which shall be held at or before preliminary hearing and not less than three days before trial, or for good cause shown during the trial.

{¶ 31} Evid.R. 608(B) provides:

> Specific instances of the conduct of a witness, for the purpose of attacking or supporting the witness's character for truthfulness, other than conviction of crime as provided in Evid. R. 609, may not be proved by extrinsic evidence. They may, however, in the discretion of the court, if clearly probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness's character for truthfulness or untruthfulness * * *.

{¶ 32} Appellant's arguments do not correlate with the assigned error. In his assignment of error, appellant alleges the lower court "abused its discretion and erred in suppressing impeachment evidence showing that the alleged victim had made prior false accusations of rape." (Appellant's brief, at v.) However, the court took no such action. Defense counsel presented the court with no evidence that S.K. made accusations of rape or other sexual activity against someone other than appellant, let alone false ones. Counsel did not provide the court with S.K.'s father's statement to police. Even if counsel had, at best, it appears the father said an anonymous person made a complaint to Children Services about S.K.'s uncle "touching" her. It is unclear whether this "touching" was even sexual in nature. In addition, defense counsel admitted he never spoke to S.K.'s mother, and counsel never identified the alleged witnesses whom the mother purportedly told S.K. fabricated an allegation against her uncle. Thus, it is clear the court did not "suppress" impeachment evidence that showed the victim made prior false accusations of rape, as appellant did not offer such evidence.

{¶ 33} In essence, appellant complains the court did not permit him to search for evidence of false accusations of rape through in camera questioning of S.K. and her parents. R.C. 2907.02 does not compel the court to do so. Moreover, under Evid.R. 608(B), a party generally cannot prove by extrinsic evidence specific instances of the conduct of a witness for the purpose of attacking the witness's character for truthfulness. Although Evid.R. 608(B) did not impede the court's ability to hear extrinsic evidence at an in camera hearing,[1] it also did not compel the court to make the victim and parents testify during such a hearing. And, the court correctly ruled that appellant could not ask S.K.'s mother or father during trial about whether S.K. lied about a sexual encounter with her

---

[1] Evid.R. 104(A).

uncle to impeach S.K.  Such evidence would constitute inadmissible extrinsic evidence under Evid.R. 608(D).  Although appellant argues he could have impeached S.K.'s parents with evidence related to her false allegations, that argument amounts to nothing more than speculation.

{¶ 34} Finally, we address appellant's *Boggs* argument. In *Boggs*, the trial court conducted a rape shield hearing before trial but defense counsel did not raise the issue of prior false rape accusations at the hearing.  *Boggs* at 419.  During trial, defense counsel asked the victim on cross-examination "about prior false accusations of rape."  *Id.*  "In response to an immediate objection, defense counsel stated that he possessed evidence that the victim had, on a prior occasion, falsely accused a man other than the defendant of raping her."  *Id.*  The trial court sustained the objection; "there was therefore no answer to the question concerning prior false rape accusations."  *Id.*  The court of appeals reversed and remanded, finding the trial court erroneously restricted cross-examination of the victim and the rape shield statute did not exclude evidence of prior false rape accusations. *Id.*

{¶ 35} On appeal, the Supreme Court of Ohio framed the issue before it as "whether the rape shield provisions of R.C. 2907.02(D) prohibit a defendant from cross-examining an alleged rape victim about prior false rape accusations she is alleged to have made."  *Id.* at 420.  The Supreme Court held:

> 1. Evid.R. 608(B) allows, in the trial court's discretion, cross-examination on specific instances of conduct "if clearly probative of truthfulness or untruthfulness." In certain instances it is within the discretion of the trial court to permit cross-examination of a rape victim as to prior false accusations of rape.
>
> 2. Where an alleged rape victim admits on cross-examination that she has made a prior false rape accusation, the trial judge shall conduct an *in camera* hearing to ascertain whether sexual activity was involved and, as a result, cross-examination on the accusation would be prohibited by R.C. 2907.02(D), or whether the accusation was totally unfounded and therefore could be inquired into pursuant to Evid.R. 608(B).

*Id.* at paragraphs one and two of the syllabus.

{¶ 36} The *Boggs* court found:

> In the present case, an *in camera* hearing was held but no inquiry was made as to the nature of the prior accusation, that is, whether the prior accusation was based on sexual activity or was totally unfounded. Since no testimony concerning the alleged prior false rape accusation was admitted, and none was received during the rape shield hearing conducted before trial, we cannot, on this record, determine whether the evidence offered by the defense was properly excluded as involving sexual activity and thus protected by the rape shield statute. Moreover, the trial judge must in the first instance determine whether the accused has met his burden of establishing that the victim's prior accusations were clearly unfounded. We therefore remand this case to the trial court to conduct an *in camera* hearing consistent with this opinion to make the necessary determinations.

*Id.* at 424.

{¶ 37} We do not read *Boggs* to mandate trial courts to permit in camera questioning of the victim and other state's witnesses regarding alleged false accusations of sexual activity in the complete absence of evidence the victim even made an accusation. The purpose of a *Boggs* hearing is for the trial court to determine the extent of cross-examination, not for a defendant to gather impeachment evidence in the first instance. Thus, we reject appellant's contention that the trial court violated *Boggs*. *See generally State v. Delozier*, 10th Dist. No. 94APA02-250 (Nov. 17, 1994) (finding no error under *Boggs* in trial court's decision to prohibit testimony about victim's alleged false allegation of sexual abuse by her mother's husband where counsel did not present evidence to indicate counsel had anything to substantiate the existence of the allegation other than hearsay). We overrule the third assignment of error.

## IV. CONCLUSION

{¶ 38} Having overruled appellant's three assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and CONNOR, JJ., concur.

_____